**SHUMENER, ODSON & OH LLP**
Betty M. Shumener (SBN 137220)
John D. Spurling (SBN 252324)
550 South Hope Street, Suite 1050
Los Angeles, CA 90071-2678
Telephone: 213-344-4200
Facsimile: 213-344-4190
E-mail: bshumener@soollp.com
E-mail: jspurling@soollp.com

Jill A. Martin (SBN 245626)
c/o Trump National Golf Club Los Angeles
One Trump National Dr.
Rancho Palos Verdes, California 90275
Telephone: 310-303-3225
Facsimile: 310-265-5522
Email: jmartin@trumpnational.com

Attorneys for Defendant
DONALD J. TRUMP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP | Case No. 13-cv-2519 DMS RBB<br><br>**ANSWER OF DONALD J. TRUMP TO COMPLAINT FOR VIOLATIONS OF 18 U.S.C. §1962(c)**<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

ANSWER TO COMPLAINT

DONALD J. TRUMP ("Defendant") hereby answers and responds to the correspondingly numbered paragraphs of the Complaint filed by ART COHEN ("Plaintiff") as follows:

## NATURE OF ACTION

1. Denied.

2. Denied.

3. Defendant maintains that the alleged video speaks for itself as to its content and that there were no "would-be student-victims" and, on those bases, denies the allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies those allegations.

4. Denied.

5. Defendant admits that his image and name appeared in certain advertisements for Trump University. Defendant denies the remaining allegations contained in this paragraph.

6. Defendant admits that the New York Department of Education, based on a local statute, requested that Trump University change its name, which it did. Defendant further admits that Trump University stopped selling Live Events in or around August 2010. As to the documents alleged in this paragraph, said documents speak for themselves as to their content and, on that basis, Defendant denies the allegations. Defendant denies the remaining allegations contained in this paragraph.

7. Defendant admits that the New York Attorney General investigated Trump University. As to the remaining allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

8. Defendant admits that Plaintiff claims to be bringing this action on his own behalf and purportedly on behalf of others. Defendant denies others are

1

"similarly situated." As to the remaining portions of the paragraph, Defendant is without knowledge or information to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

9. Defendant admits that Plaintiff herein filed this action seeking damages. Defendant denies that this case may properly be certified as a class action or that Plaintiff is entitled to any of the relief sought in the Complaint.

## JURISDICTION AND VENUE

10. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies that this case may properly be certified as a class action. Defendant further denies that the aggregate amount in controversy exceeds $5 million. Defendant denies the remaining allegations of this paragraph.

11. This paragraph states legal conclusions that require no response. To the extent the paragraph states any factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

12. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph as to what Plaintiff believed or as to what Plaintiff would not have done, and on that basis, denies those allegations. Defendant denies the remaining allegations of this paragraph.

15. Defendant admits that he resides in the State of New York. Defendant admits that he was the chairman of Trump University as well as the chairman and president of the Trump Organization. Defendant denies the remaining allegations of this paragraph.

16. Denied.

17. Defendant admits that he has conducted business within the State of California.

18. Denied.

## COMMON FACTUAL ALLEGATIONS

19. Denied.

20. Denied.

21. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant admits that Trump University used his name, photos and quotes and sent materials with his name, image and quotes. As to the documents alleged in this paragraph, said documents speak for themselves as to their content and, on that basis, Defendant denies the allegations. Defendant admits that he wrote certain blogs. Defendant denies the remaining allegations in this paragraph.

22. Denied.

23. Denied.

24. Defendant admits that Mr. Sexton and Mr. Highbloom helped select instructors for Trump University. Defendant denies the remainder of the allegations contained in paragraph 24.

25. Defendant admits that Mr. Sexton and other third parties helped compile materials for Trump University. Defendant denies the remainder of the allegations contained in paragraph 25.

26. Denied.

27. Denied.

28. The alleged "Trump University PlayBook" speaks for itself as to its contents, and on that basis, Defendant denies those allegations.

29. Denied.

30. Denied.

31. Denied.

32. As to the documents and/or other media alleged in this paragraph, said documents and/or other media speak for themselves as to their content and, on that basis, Defendant denies the allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

34. This paragraph is uncertain in that it has failed to identify any such instructor, and is on that basis denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies the allegations.

35. This paragraph is uncertain in that it has failed to identify any such speaker, and is on that basis denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies the allegations.

36. This paragraph is uncertain in that it has failed to identify any such speaker, and is on that basis denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies the allegations.

37. This paragraph is uncertain in that it has failed to identify any such instructor, and is on that basis denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

this paragraph, and on that basis, denies the allegations.

38. This paragraph is uncertain in that it has failed to identify any such instructor, and is on that basis denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies the allegations.

39. To the extent that this paragraph alleges or implies that Defendant taught staff to "close sales" or "work the room," Defendant denies the allegations. To the extent that anyone else is alleged to have done so, this paragraph is uncertain in that it has failed to identify any such person or staff, and is on that basis denied. As to all other matters alleged in this paragraph, Defendant is without knowledge or informaton sufficient to form a belief as to the allegations of this paragraph, and on that basis, denies the allegations.

40. Denied.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

43. To the extent that this paragraph implies that Defendant told anyone "at the Preview that the Fulfillment is 'all you need'" or that "student-victims are told what they really need is the Gold Elite program ….," Defendant denies the allegations. To the extent that anyone else is alleged to have done so, this paragraph is uncertain in that it has failed to identify any such person. As to all other matters alleged in this paragraph, Defendant is without knowledge or informaton sufficient to form a belief as to the allegations of this paragraph, and on that basis, denies the allegations.

44. The alleged "PlayBook" speaks for itself as to its contents, and on that

basis, Defendant denies those allegations. Defendant denies that there were any "student-victims." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies the allegations.

45. This paragraph is uncertain in that it has failed to identify any such speakers or representatives. Defendant further denies that such persons were his representatives. As to all other matters alleged in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

46. This paragraph is uncertain in that it has failed to identify any such representatives. Defendant further denies that such persons were his representatives. As to all other matters alleged in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

47. Denied that "none of the mentors was handpicked by Donald Trump or trained in his investing 'secrets'." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies the allegations.

48. This paragraph is uncertain in that it has failed to identify any person who allegedly exerted "up-sell pressure" or any person who was allegedly subjected to any "up-sell pressure." Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

50. Defendant admits that the New York Attorney General investigated Trump University, and that the Texas Attorney General dropped his investigation.

Defendant denies that he "suspended" "Live Events in Texas." As to the remaining allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

51. Defendant admits that the New York Attorney General investigated Trump University. As to the remaining allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies those allegations.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis, denies the allegations.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and on that basis, denies those allegations.

## RICO ALLEGATIONS

57. Defendant admits that Trump University is a limited liability company registered in New York with its principal place of business in New York, New York. Defendant admits that Trump University changed its name to The Trump Entrepreneur Initiative. Defendant denies the remaining allegations of this

paragraph.

58. Defendant admits that Trump University did not hold a "license to operate out of the State of New York as an 'educational institution'" and that Trump University does not offer any "degrees, licenses or credits." Defendant denies the remainder of the allegations in this paragraph.

59. Denied.

60. Defendant admits that Trump University had a call center in Utah.

61. Defendant admits that Trump University has conducted business in the State of California. Defendant denies the remaining allegations of this paragraph.

62. Denied.

63. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

64. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

65. Denied.

66. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

67. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

68. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

69. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such

allegations.

70. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

71. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

72. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

73. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

## CLASS ACTION ALLEGATIONS

74. This paragraph states legal conclusions that require no response. Defendant denies that this case may properly be certified as a class action.

75. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations. Defendant further denies that this case may properly be certified as a class action or that Plaintiff is an adequate representative of the proposed class.

76. This paragraph states legal conclusions that require no response. Defendant denies that this case may properly be certified as a class action and denies the remaining allegations of this paragraph or that Plaintiff is an adequate representative of the proposed class.

77. Defendant admits that Trump University has certain information about attendees of its programs. Defendant denies that this case may properly be certified as a class action or that Plaintiff is an adequate representative of the proposed class.

78. This paragraph states legal conclusions that require no response. To

the extent this paragraph states any factual allegations, Defendant denies such allegations. Defendant further denies that this case may properly be certified as a class action or that Plaintiff is an adequate representative of the proposed class.

## COUNT
### Violations of Racketeer Influed and Corrupt Organizations Act, 18 U.S.C. § 1962(c)

79. Defendant re-alleges and incorporates by reference as though fully set forth herein his responses to Paragraphs 1-78 above.

80. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

81. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

82. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

83. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

84. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such allegations.

85. Denied.

86. Denied.

87. Denied.

88. This paragraph states legal conclusions that require no response. To the extent this paragraph states any factual allegations, Defendant denies such

1 allegations.

2   89. Denied.

3   90. This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendant denies such allegations.

  91. This paragraph states legal conclusions that require no response.  To the extent this paragraph states any factual allegations, Defendant denies such allegations.

### PRAYER FOR RELIEF

Defendant prays for judgment against Plaintiff as follows:

1. That Defendant be discharged without liability;

2. For all costs of suit and attorneys' fees where applicable; and

3. For such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to the class action complaint, Defendant alleges as follows, provided however, that by alleging the matters set forth in these defenses, Defendant does not hereby allege or admit that he has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

(Waiver)

Defendant is informed and believes and thereupon alleges that Plaintiff has engaged in conduct and activities by reason of which Plaintiff has knowingly and intentionally waived any and all claims against Defendant and thus is barred from any recovery on those claims.

## SECOND AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

Defendant is informed and believes and thereupon alleges that Plaintiff is barred from any recovery against Defendant by reason of a prior accord and satisfaction. Plaintiff participated in, enjoyed and gained a benefit from Trump University's programs, and represented that he was pleased with Trump University's programs.

## THIRD AFFIRMATIVE DEFENSE

(Injunctive Relief Barred As a Matter of Law)

For an injunction to issue, there must be no adequate remedy at law. Throughout the Complaint and in the Prayer for Relief, Plaintiff contends he has adequate remedies at law and seeks monetary compensation. Further, Trump University is no longer offering any seminars, rendering the requested injunction moot. Therefore, Plaintiff's claim for injunctive relief is barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant is informed and believes and thereupon alleges that the 4 year statutes of limitation applicable to RICO claims bar the claim asserted by Plaintiff. <u>Agency Holdings Corp. v. Malley-Duff & Associates, Inc.</u>, 483 U.S. 143 (1987). Defendant is informed and believes and thereupon alleges that Plaintiff did not file the Complaint until long after the applicable statute of limitations had run.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendant is informed and believes and thereupon alleges that Plaintiff's claim is barred by the doctrine of is estoppel. Plaintiff participated in, enjoyed and gained a benefit from Trump University's programs, and represented that he was pleased with Trump University's programs. Plaintiff should be estopped from asserting otherwise now.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

Defendant is informed and believes and thereupon alleges that Plaintiff's claim is barred by the doctrine of laches. Plaintiff participated in, enjoyed and gained a benefit from Trump University's programs several years ago. Plaintiff's delay in asserting his claim has caused Defendant prejudice.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and the cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

(Uncertainty)

The Complaint, and the cause of action alleged therein, fails in that the Complaint is fatally uncertain.

## NINTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

To the extent that Plaintiff claims any entitlement to recover damages from Defendant, Plaintiff failed to use reasonable care to mitigate and reduce as much as reasonably possible the damages, if any, allegedly sustained by Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

Defendant is informed and believes and thereon alleges that the Complaint, and the cause of action alleged therein, fails as a result of Plaintiff's own negligent conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant is informed and believes and thereon alleges that the Complaint, and the cause of action alleged therein, is barred by the doctrine of unclean hands. Plaintiff participated in, enjoyed and gained a benefit from Trump University's programs, and represented that the Trump University programs were excellent, that the programs far exceeded his expectations, and that the quality of those programs was so high that he either did or would recommended the programs to others. Plaintiff was either dishonest in his evaluations of Trump University, or the allegations in the Complaint are false.  To the extent that Plaintiff was dishonest in

his evaluations of the Trump University program, or has been dishonest in his allegations in the Complaint, Plaintiff has come to Court with unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

(Consent)

Defendant is informed and believes and thereon alleges that the Complaint, and the cause of action alleged therein, is barred because Plaintiff consented to the conduct about which he now complains.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Ratification)

Defendant is informed and believes and thereon alleges that the Complaint, and the cause of action alleged therein, is barred by the doctrine of ratification.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Defendant is informed and believes and thereon alleges that the Complaint, and the cause of action alleged therein, is barred because an award on such a cause of action would result in unjust enrichment to Plaintiff. Plaintiff participated in, enjoyed and gained a benefit from Trump University's programs, and represented that the Trump University programs were excellent, that the programs far exceeded his expectations, and that the quality of those programs was so high that he either did or would recommended the programs to others. Allowing Plaintiff to obtain such benefits and awarding damages to Plaintiff against Defendant would be unjust.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendant acted in good faith in all matters and things alleged in the

Complaint and did not directly or indirectly induce acts in purported violation of any duties allegedly owed to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Fraud/Misrepresentation)

The Complaint, and the cause of action contained therein, is barred due to Plaintiff's own intentional and/or negligent misrepresentations. Defendant is informed and believes and thereon alleges that on or about May 8-10, 2009, Plaintiff attended a Fast Track to Foreclosure Training program ("Training Presentation"). During or shortly after the Training Presentation, Plaintiff represented to Trump University and its staff members, among other things, that (1) the quality of the presentation was excellent; (2) the information was very useful; (3) the instructor exceeded his expectations as a subject matter expert, that he "already had very high expectations" and the instructor "did a great job!"; and (4) the remaining staff members were professional, approachable, and answered his questions. Plaintiff also represented to Trump University and its staff members that he would attend another Trump University seminar, that he would recommend Trump University seminars to a friend, and that he had the opportunity to meet with a Trump University Team Member to discuss his personal goals. Indeed, the only suggestion that Plaintiff offered to improve the seminar was to "[h]ave lunch sandwhiches brought in" and to make lunch 45 minutes.

Defendant is informed and believes and thereon alleges that Plaintiff's representations were representative of a vast majority of the attendees of Trump University programs, and that Trump University had over a 97% approval rating from its attendees.

Defendant is informed and believes and thereon alleges that when Plaintiff made the representations described above, among others, Plaintiff knew them to be true, as Plaintiff had just completed his participation in those programs. Defendant

is informed and believes and thereon alleges that, nevertheless, Plaintiff then filed a complaint making allegations and representations that directly contradict the represenations made to Trump University and upon which Trump University relied. Trump University and/or Defendant relied on the representations made by Plaintiff after he completed the Trump University programs, as well as the representations made by the other students whom Plaintiff attempts to include in his proposed class, which representations relate to the quality of the seminars and materials that had been provided by Trump University.

## JURY DEMAND

Defendant Donald J. Trump hereby demands a trial by jury on all issues so triable.

Dated: March 4, 2014

SHUMENER, ODSON & OH LLP

By:   /s/ Betty M. Shumener
BETTY M. SHUMENER
JOHN D. SPURLING
Attorneys for Donald J. Trump

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 4, 2014.

/s/ Betty M. Shumener
Betty M. Shumener
Shumener, Odson & Oh LLP
Attorneys for Defendant Donald J. Trump