UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN,<br><br>    Plaintiff,<br>v.<br>DONALD J. TRUMP,<br>    Defendant. | Civil No. 13-CV-2519-GPC (WVG)<br><br>ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE |

## I. BACKGROUND

On April 14, 2015, this Court held a telephonic Discovery Conference with counsel for both parties. The parties sought the Court's guidance during a deposition as to whether Defendant's objections were proper. Plaintiff argued that Defendant was making speaking objections. Plaintiff expressed concern that Defense counsel was coaching the witness and obstructing Plaintiff's ability to obtain an accurate response from the witness. During the Discovery Conference, Plaintiff cited a case called <u>Doe v. City of San Diego</u>, 2013 WL 6577065 (S.D. Cal. Dec. 13, 2013) to support his position that Defendant's objections were improper.

Defense counsel argued that his objections were appropriate, as all objections were based on proper grounds such as lack of foundation, relevance, misstates testimony, and other similar objections. Defense counsel argued that he was not coaching the witness, but

rather, was trying to make sure that the witness understood the questions being asked.  He explained that he was not making two or three sentence objections.

## II. RELEVANT LAW

During a deposition an attorney may properly state objections "concisely in a nonargumentative and nonsuggestive manner." Fed.R.Civ.P. 30(c)(2).  As a general rule, "instructions not to answer questions at a deposition are improper." Detoy v. City & Cnty. of San Francisco, 196 F.R.D. 362, 365 (N.D. Cal. 2000).  "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed.R.Civ.P. 30(c)(2) (emphasis added).  "If a party believes that a particular question asked of a deponent is improper for any other reason, that party may object; however, 'the examination still proceeds; the testimony is taken subject to any objection.'" Mendez v. R+L Carriers, Inc., 2012 WL 1535756, at *1 (N.D. Cal. Apr. 30, 2012) (quoting Fed.R.Civ.P. 30(c)(2).)

Under Rule 30(d)(3), "[a]t any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party...If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order." Fed.R.Civ.P. 30(d)(3)(A).

## III. COURT DISCUSSION

### A. DEFENDANT'S OBJECTIONS WERE PROPER

During the Discovery Conference, the Court read the case cited by Plaintiff, Doe v. City of San Diego, a case from this judicial district. Doe v. City of San Diego, 2013 WL 6577065.  In Doe, counsel instructed one witness not to answer no fewer than twenty-eight times. Id. at 5.  Counsel's instructions not to answer were preceded by various objections, including that the question at issue had been asked and answered, invaded the privacy rights of the witness and/or other non-parties, exceeded the scope of the deposition and/or lacked relevance, lacked foundation, sought personnel information and official information from the police department, assumed facts, and misstated the prior testimony of the witness. Id.

The Doe court found that most of counsel's objections did not provide adequate grounds for his instructions to the witness not to answer. Doe v. City of San Diego, 2013 WL 6577065, at *5. The court stated that an attorney can instruct "a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Id; citing Fed. R. Civ. P. 30(c)(2). Therefore, the court found that counsel's objections that questions had been asked and answered, exceeded the scope of the deposition, lacked relevance, assumed facts, and misstated the prior testimony of the witness, were improper grounds for instructing the witness not to answer. Id; see Jadwin v. Abraham, 2008 WL 4057921, at *5 (E.D.Cal. Aug. 22, 2008) ("[A]n objection that the question might have been repetitive was not a proper basis to instruct the witness not to answer it.").

Here, the Court determined that the Doe case did not provide support for Plaintiff's argument that Defendant's objections were improper. During the Discovery Conference, the Court noted that in Doe, the objections were improper because they were followed by instructions to the witness not to answer the question. The objections themselves were not improper. The Court distinguished the Doe case from the instant situation because here, Plaintiff did not argue that Defendant was instructing the witness not to answer. Rather, Plaintiff's dispute was with the form of Defendant's objections.

After distinguishing the Doe case upon which Plaintiff relied, the Court determined that Defendant's objections were proper. The Court noted that, if Defense counsel attempted to telegraph an answer to the witness through objections, such objections would be entirely improper. However, it did not appear that Defense counsel was using his objections to telegraph answers to the witness. Further, Defendant was not asserting objections on the basis of relevance or misstates testimony, and subsequently instructing the witness not to answer.

## B. PRIOR COURT ORDERS

During the Conference, the Court directed the parties' attention to a March 27, 2015, Court Order in this case, notifying the parties that sanctions may be imposed for involving

the Court in another phantom and basic dispute. (Doc. No. 64 at 2.) The Court noted that there was not consistency throughout the district courts regarding whether form objections were proper, and thus, this was not an issue that the Court needed to resolve for the parties.[1] The Court explained that the parties should have recognized there are divergent viewpoints throughout the district courts, and resolved the issue on their own without pausing the deposition and contacting the Court for guidance.

During the Conference, the Court also discussed its November 20, 2014, Scheduling Order, which stated, "...if the depositions in this action are conducted properly and met with unnecessary objections, the Court may issue an Order expanding the number of depositions." (Doc. No. 58 at 2.) The parties were once again placed on notice that if either side finds it necessary to involve the Court yet again in the resolution of a phantom and basic dispute, the parties should expect the Court to seriously consider imposing sanctions.

## IV. COURT RULING

At the conclusion of the Conference, the Court ordered Defendant to assert clear and succinct objections. The Court noted that anything more than a clear and concise objection may be considered a speaking objection, which is improper and prohibited. The Court also told Defendant that Plaintiff was entitled to ask the witness about documents, and therefore, Defendant should not object on the basis that the documents speak for themselves.

//
//
//
//
//
//

---

[1] For example, a district court in the Northern District of Iowa stated that attorneys are required, not just permitted, to state the basis for their objections. Sec. Nat'l Bank of Sioux City v. Abbott Labs., 299 F.R.D. 595, 602 (N.D. Iowa 2014). However, the court recognized that not all courts share the same views regarding form objections, as "some courts explicitly require lawyers to state nothing more than unspecified 'form' objections during depositions." Id. at 603 (emphasis in original).

1  The Court recognized that, if either party acts contrary to the Court's guidance, one
2  side will undoubtedly inform the Court. The Court warned that it was prepared to impose
3  harsh sanctions if it determined that either party was acting contrary to its guidance.
4  IT IS SO ORDERED.
5  DATED: May 19, 2015

Hon. William V. Gallo
U.S. Magistrate Judge