# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Case No. 13 CV 2519 GPC (WVG)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO FILE UNDER SEAL**<br><br>[ECF No. 88] |

Before the Court is Plaintiff's application to file under seal Exhibit C to the Declaration of Jason A. Forge in Support of Plaintiff's Reply in Support of Object to Magistrate Judge's May 13, 2015 Order ("Forge Declaration"). (ECF No. 88.) Defendant has not opposed the application.

Where a court filing contains "information that might harm a litigant's competitive standing" or "has the potential to become a vehicle for improper purposes," the court may deny public access to such material. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). A party requesting that the court seal materials attached to a dispositive motion must demonstrate "compelling reasons" for doing so, while a request to seal materials attached to a non-dispositive motion is held to a lower standard, and must only make a "particularized showing of good cause."

See Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (noting that "the public has less of a need for access to court records attached to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action")). Within the context of a class certification motion, "[u]nless the denial of a motion for class certification would constitute the death knell of the case, the vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies." Algarin v. Maybelline, LLC, No. 12-cv-3000-AJB-DHB, 2014 WL 690410 at *2 (S.D. Cal. Feb. 21, 2014) (citations omitted).

Here, Plaintiff could proceed individually, should the Court ultimately deny certification. The Court, therefore, applies the "good cause" standard.

Plaintiff seeks to seal Exhibit C to the Forge Declaration, which contains information produced pursuant to the parties' First Amended Protective Order in the related case, *Makaeff v. Trump. Univ., LLC,* No 10cv940-GPC-WVG (entered at ECF No. 316). (ECF No. 88 at 1.) The document attached as Exhibit C has been designated "Confidential Information," which includes "trade secrets or other confidential research, development, or commercial information within the meaning of FRCP 26(c)(1)(G) . . . [and] personal financial information or other information that is protected from disclosure by statute or the Constitutional right to personal privacy." (*Makaeff*, ECF No. 316 at ¶ 1.)

///
///
///
///
///
///
///

The Court has reviewed the proposed sealed document and finds that it contains confidential commercial and financial information. Therefore, the Court finds good cause to **GRANT** Plaintiff's application (ECF No. 88). Accordingly, the Clerk of Court is directed to **FILE UNDER SEAL** the document now lodged at ECF No. 89. Once filed, this document shall be linked to Plaintiff's Reply, which is filed at ECF No. 87.

**IT IS SO ORDERED.**

DATED: June 29, 2015

HONORABLE GONZALO P. CURIEL
United States District Judge