UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN,<br><br>              Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>              Defendant. | Civil No. 13-CV-2519-GPC (WVG)<br><br>ORDER FOLLOWING TELEPHONIC DISCOVERY CONFERENCE ON AUGUST 17, 2015 RELATED TO DEPOSITION OF MR. HARRIS |

## I. BACKGROUND

Plaintiff has been trying to depose Mr. Harris, a former Trump University ("TU") instructor, for the last three years. Plaintiff made efforts to depose Mr. Harris during the discovery phase of the Makaeff case, but Mr. Harris evaded service a number of times. In the fall of 2013, Mr. Harris agreed to be deposed, but the deposition was cancelled due to a conflict with Defense counsel's schedule. For reasons unknown to the Court, the deposition was never rescheduled, and as a result, Mr. Harris was never deposed in the Makaeff case.

Twice in early 2015, Plaintiff served Mr. Harris with a deposition subpoena, first in February and then again personally served him in March. Mr. Harris' deposition was scheduled for April 23, 2015, in Atlanta, Georgia. Attorneys for both parties were

present for the deposition on April 23, 2015, but Mr. Harris failed to appear. After the failed deposition, on May 28, 2015, Plaintiff filed in the Northern District of Georgia (the "Georgia Court"), a request for an Order to Show Cause ("OSC") as to why Mr. Harris should not be held in contempt. Further efforts to secure the deposition of Mr. Harris included Plaintiff's counsel contacting his mother, sister, and girlfriend, and sending messages to Mr. Harris through email and Facebook.

Fact discovery closed on July 2, 2015. (Doc. No. 58 at 3.) On July 14, 2015, Mr. Harris contacted Plaintiff's counsel and indicated that he would be willing to sit for a deposition, but the earliest possible date for his deposition was August 14, 2015, in Atlanta, Georgia.

On July 28, 2015, the parties contacted this Court with a discovery dispute. Plaintiff sought permission to issue an amended deposition subpoena to Mr. Harris. Defendant argued that the deposition was improper because fact discovery had closed. On July 29, 2015, the Court held a telephonic Discovery Conference with counsel for both parties. During the Discovery Conference, the Court denied Plaintiff's request to issue an amended deposition subpoena to Mr. Harris. On August 5, 2015, the Court issued an Order memorializing its ruling from the Discovery Conference. (Doc. No. 116.)

On August 7, 2015, after this Court's Order denying Plaintiff's request to issue an amended deposition subpoena, the Georgia Court issued an Order directing Mr. Harris to sit for a deposition on August 14, 2015, or a date after that as agreed upon by the parties. The Order stated that within three days of the completion of Mr. Harris' deposition, Plaintiff's request for an OSC would be withdrawn.

On August 11, 2015, counsel for both parties notified the Court of another discovery dispute involving Mr. Harris' deposition. Plaintiff now seeks authorization from this Court to reopen fact discovery for the limited purpose of taking Mr. Harris' deposition on September 1, 2015, so that he is in compliance the Georgia Court's Order. Defendant maintains his position that fact discovery is closed and therefore, this

1  Court should deny Plaintiff's belated request. On August 17, 2015, the Court held
2  another telephonic Discovery Conference. Ms. Rachel Jensen and Mr. Daniel
3  Pfefferbaum participated on behalf of Plaintiff, and Ms. Nancy Stagg participated on
4  behalf of Defendant.

**II. ARGUMENTS**

### A. PLAINTIFF'S ARGUMENT

Plaintiff argues that if this Court denies Plaintiff's renewed request to reopen fact discovery to depose Mr. Harris, the Court will be rewarding Mr. Harris for his non-compliance with the deposition subpoenas. Plaintiff argues that he was diligent in his efforts to depose Mr. Harris, as he issued the deposition subpoena in February of 2015, five months before the close of fact discovery. It was beyond Plaintiff's control that Mr. Harris unexpectedly emerged from the shadows after discovery had already closed. Plaintiff asks this Court to enforce the Georgia Court's Order, which requires Mr. Harris to sit for his deposition.

### B. DEFENDANT'S ARGUMENT

Defendant opposes Plaintiff's request for relief because fact discovery is closed. Defendant argues that, due to Plaintiff's lack of diligence, Mr. Harris has not been deposed during the many years that these two related cases have been pending. Defendant also asserts that Plaintiff did not seek a motion for contempt in the Georgia Court until May 28, 2015, which was more than 30 days after the date of Mr. Harris' scheduled deposition. Although the OSC issue is being litigated in a different district, Plaintiff failed to comply with this Court's 30 day deadline to bring discovery disputes to the Court's attention. Further, Plaintiff did not seek a status call with the Georgia Court until July 7, 2015, which was after the close of fact discovery. Plaintiff never notified Defendant or this Court that he was continuing to pursue efforts that, if successful, would result in a request to reopen discovery. Defendant reviewed the Georgia Court's local rules and found that Local Rule 7.2(B) allows for emergency motions for expedited hearings for good cause shown. Defendant asserts that there was

no attempt by Plaintiff to expedite his contempt motion. This Court has issued several Orders stating that there will be no further extensions to the fact discovery deadline.

Defendant also argues that the recent Order from the Georgia Court is not based on substantive motion practice, but rather, is based on a joint stipulation between Plaintiff and Mr. Harris in which they agreed that Plaintiff would set aside the OSC if Mr. Harris appeared at a deposition. Defendant contends that Plaintiff did not reach the joint stipulation with Mr. Harris until after this Court denied Plaintiff's request to issue an amended subpoena, and that Plaintiff obtained the stipulation without full candor to Mr. Harris.

### III. APPLICABLE LAW

Federal Rule of Civil Procedure ("Rule") 16 governs scheduling and overall case management. Fed.R.Civ.P. 16. The Rule specifically provides that "a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." Fed.R.Civ.P. 16(b)(4); Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). In Johnson, the Ninth Circuit explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed .R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference ..." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

## IV. **DISCUSSION**

During the July 29, 2015 Discovery Conference, Plaintiff detailed his efforts to try to secure the deposition testimony of Mr. Harris. Plaintiff knew about Mr. Harris years ago, knew that he wanted to depose him, and knew that he was eluding service and resisting a deposition. Plaintiff failed to explain why, knowing his alleged importance to this litigation and his history of elusive behavior, Plaintiff waited until three months into the discovery phase of the Cohen case to issue a deposition subpoena, and more than 30 days after the failed deposition to seek an enforcement order in the Georgia Court. Further, Plaintiff failed to alert this Court that a request for an OSC was pending in the Georgia Court since May 28, 2015. On July 7, 2015, five days after the fact discovery deadline, Plaintiff sought a status conference about the pending OSC with the Georgia Court, but Plaintiff did not mention to Defendant or this Court that he continued to seek an opportunity to conduct this deposition, even though fact discovery had already closed.

Plaintiff entered into a joint stipulation with Mr. Harris on August 5, 2015, the same day as this Court's Order memorializing its ruling from the July 29, 2015 Discovery Conference. Plaintiff did not disclose to Mr. Harris that this Court denied Plaintiff's request to issue an amended deposition subpoena, despite the Court's oral ruling on July 29, 2015. Moreover, the Georgia Court also was not aware that Plaintiff had come to this Court and requested an amended subpoena, and that his request was denied.

Additionally, as this Court discussed in its August 5, 2015 Discovery Order, Plaintiff could have requested that the Georgia Court transfer the pending OSC to this Court for resolution pursuant to Rule 45(f). Plaintiff also could have requested an immediate hearing on his contempt motion in the Georgia Court pursuant to Local Rule 7.2(B), which states, "Upon written motion and for good cause shown, the court may waive the time requirements of this rule and grant an immediate hearing on any matter requiring such expedited procedure." According to the local rules of the Northern

District of Georgia, an avenue was available to Plaintiff to request an expedited hearing on his contempt motion. Instead, Plaintiff waited until the end of May to seek a contempt order in the Georgia Court, and waited until discovery had closed to bring the dispute to this Court. Throughout this litigation, this Court has emphasized that the parties must be diligent and pursue all available remedies in an effort to move this case forward. Although Mr. Harris' cavalier attitude and evasiveness towards his deposition caused the initial problem, Plaintiff is responsible for the time line of events after April 23, 2015.

The facts before the Court do not constitute good cause to amend the Scheduling Order. Rather, as stated in this Court's August 5, 2015 Discovery Order, the facts demonstrate a lack of diligence in securing Mr. Harris' deposition before the close of fact discovery, despite the Court's very clear and repeated admonitions that fact discovery would not be extended. The Court has been reasonable in extending discovery, while warning the parties that fact discovery must come to an end. Fact discovery is closed, and has been for a month and a half. Fact discovery will not be reopened for the limited purpose of taking Mr. Harris' deposition, and therefore, Plaintiff's request is DENIED.

Mr. Harris now has a dilemma. He was served with a valid subpoena to appear for a deposition on April 23, 2015. He failed to appear, and the Court agrees with Plaintiff that he should be held accountable. However, the Court agrees with Defendant that Plaintiff was not diligent in pursuing Mr. Harris' deposition after he failed to appear. Therefore, Mr. Harris may be deposed should Plaintiff choose to do so. This Court will not preclude Mr. Harris from complying with an order from the Georgia Court.

If Plaintiff takes Mr. Harris' deposition, it shall be completed by **September 1, 2015**. If Mr. Harris is deposed, Plaintiff shall pay for all of Defendant's costs related to the deposition.

However, as stated above, fact discovery is closed, and therefore, Mr. Harris' deposition may not be used in this litigation. If Plaintiff decides not to take Mr. Harris' deposition, Plaintiff must withdraw the contempt motion from the Geogia Court.

IT IS SO ORDERED.

DATED: August 19, 2015

_____
Hon. William V. Gallo
U.S. Magistrate Judge