# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br>v.<br><br>DONALD J. TRUMP,<br><br>                              Defendant. | CASE NO. 13-cv-2519-GPC-WVG<br>Related Case: 10-cv-0940-GPC-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE AND DIRECTING CLASS NOTICE PROCEDURES**<br><br>[ECF No. 61] |

On February 20, 2015, Plaintiff Art Cohen filed a Motion for Approval of Class Notice and Directing Class Notice Procedures. (ECF No. 61.) The motion has been fully briefed. (ECF Nos. 68, 71.)

A hearing was held on May 22, 2015. Following careful consideration of the parties' oral arguments, legal briefings and applicable law, and for the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for approval of class notice and directing class notice procedures.

## BACKGROUND

On October 27, 2014, this Court certified a nationwide class in this case. (ECF No. 53.) The class consists of:

> All persons who purchased Live Events from Trump University throughout the United States from January 1, 2007 to the present.

> Excluded from the Class are Trump University, its affiliates, employees, officers and directors, persons or entities that distribute or sell Trump University products or programs, the Judge(s) assigned to this case, and the attorneys of record in the case.

(*Id.* at 22-23.) Defendant Donald Trump appealed this ruling to the Ninth Circuit, which denied permission to appeal on February 2, 2015. (ECF No. 59.)

On February 21, 2014, this Court had previously certified a class of Trump University, LLC ("TU") students in the related case of *Makaeff, et al. v. Trump Univ., LLC.*, et al., 10cv0940-GPC(WVG). (*See* 10cv0940-GPC(WVG), ECF No. 298.) On March 10, 2014, Defendants TU and Donald Trump ("Defendants") sought permission to appeal the grant of certification to the Ninth Circuit. (10cv0940-GPC(WVG), ECF No. 307.) On April 10, 2014, the Ninth Circuit denied permission to appeal the ruling on timeliness grounds. (10cv0940-GPC(WVG), ECF No. 318). On February 19, 2015, Defendants moved to decertify. (10cv0940-GPC(WVG), ECF No. 380). On September 18, 2015, this Court granted in part and denied in part Defendants' motion.[1] (10cv0940-GPC(WVG), ECF No. 418). The class consists of the following class and subclasses:

> All persons who purchased a Trump University three-day live "Fulfillment" workshop and/or a "Elite" program ("Live Events") in California, New York and Florida, and have not received a full refund, divided into the following five subclasses:
>
> (1) a California UCL/CLRA/Misleading Advertisement subclass of purchasers of the Trump University Fulfillment and Elite Seminars who purchased the program in California within the applicable statute of limitations;
> (2) a California Financial Elder Abuse subclass of purchasers of the Trump University Fulfillment and Elite Seminars who were over the age of 65 years of age when they purchased the program in California within the applicable statute of limitations;
> (3) a New York General Business Law § 349 subclass of purchasers of the Trump University Fulfillment and Elite Seminars who purchased the program in New York within the applicable statute of limitations;
> (4) a Florida Deceptive and Unfair Trade Practices Act (FDUTPA)/Misleading Advertising Law subclass of purchasers of the Trump University Fulfillment and Elite Seminars who purchased the program in Florida within the applicable statute of limitations; and

---

[1] The Court denied Defendants' motion to decertify on liability issues and granted the motion on damages issues, bifurcating the damages issues to follow trial on the liability phase. (10cv0940-GPC(WVG), ECF No. 418 at 2).

> (5) a Florida Financial Elder Abuse subclass of purchasers of the Trump University Fulfillment and Elite Seminars who were over the age of 60 years of age when they purchased the program in Florida within the applicable statute of limitations.
>
> Excluded from the class are Defendants, their officers and directors, families and legal representatives, heirs, successors, or assigns and any entity in which Defendants have a controlling interest, any Judge assigned to this case and their immediate families.

(*Id.* at 21.)

On February 20, 2015, Plaintiff in this case and Plaintiffs in the *Makaeff* case filed motions in their respective cases seeking permission to serve a single class notice to all putative class members in both cases. (ECF No. 61, 10cv0940-GPC(WVG), ECF No. 381.)

**LEGAL STANDARD**

For classes certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure, the court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The Federal Rules further provide that:

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(i - vii). Notice provides an opportunity for class members to participate in the litigation, to opt-out of the litigation, to monitor the performance of class representatives and class counsel, and to ensure that predictions of adequate

representation are fulfilled. Manual For Complex Litigation (Fourth) § 21.13 (2004). In the Rule 23(b)3 context, due process is satisfied "where a fully descriptive notice is sent first-class mail to each class member, with an explanation of the right to 'opt out,'" within a reasonable time. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

## DISCUSSION

### I.   Joint Notice

The crux of the parties' dispute regarding class notice is whether to send a single joint notice that explains both the *Cohen* and *Makaeff* class actions or separate notices for each set of class members.[2] Plaintiffs contend that sending one notice is the least confusing, most efficient, and most cost effective way to communicate with the class members. (ECF No. 61-1 at 12.)[3] First, Plaintiffs argue that the nearly 40% of all putative class members of *Cohen* that are also putative class members in *Makaeff* would otherwise "receive two separate, nearly-identical notices," which might result in recipients ignoring one or the other notice as a duplicate. (ECF No. 71 at 6). Second, Plaintiffs assert that the class member data provided by Defendant "does not indicate where each individual purchased a Trump University Live Event and thus does not conclusively establish whether any particular Class Member belongs to one or both Classes," giving rise to the possible need for the *Makaeff* mailing to either also be nationwide, or risk possible under-inclusiveness. (ECF No. 71 at 7-8). Third, Plaintiffs argue that two separate notice plans would also require two separate notice apparatuses, resulting in over $20,000 in additional costs. (*Id.* at 3).

Defendants counter that a joint notice would, in fact, invite confusion and is inappropriate given that TU is not a defendant in both actions and the claims in the two cases are distinct. (ECF No. 68 at 1.) First, Defendants argue that Plaintiffs' contention that two separate notices would create confusion is mere "speculation," and

---

[2] Defendants do not object to the general process proposed by Plaintiffs for distributing class notice, as long as that process is done separately for each case. (ECF No. 408 at 3.)

[3] Page number citations such as this one are to the page numbers reflected on the Court's CM/ECF system and not to page numbers assigned by the parties.

that in fact, confusion is more likely to result if *Cohen* class members "received notice of a class action in which they are not a class member." (*Id.* at 5.) Second, Defendants argue that sending separate notices is the best way to preserve the "individual identity" of each case, given that there are different claims, class members, and defendants in each. (*Id.* at 6.)

In the Rule 23(b)(3) context, "courts retain considerable discretion to tailor notice to the relevant circumstances." *See Lee v. Enter. Leasing Co. W.*, 2014 WL 4801828, at *2 (D. Nev. Sept. 22, 2014) (citations omitted); *see also Cohorst v. BRE Properties, Inc.*, 2011 WL 7061923, at *6 (S.D. Cal. 2011) (noting that it is for the court "to determine what amounts to reasonable efforts under the circumstances of each case, the available information to the parties and possible methods of identification of potential class members," and that "[t]he hallmark of the notice inquiry . . . is reasonableness"). Plaintiffs cite several cases where courts have approved joint notices in varying contexts. *Cf. Negrete v. Allianz Life Ins. Co. of N. Am.*, CV 05-6868 CAS, ECF No. 167, slip op. (C.D. Cal. Feb. 7, 2007) (approving joint notice after certifying a RICO nationwide class in two related cases and a California subclass in one of the cases); *In re FedEx Ground Package Sys.*, 2008 WL 927654 (N.D. Ind. Apr. 4, 2008) (ordering joint notice to state-based class of state-based and national ERISA claims in a single case). While neither case is squarely on all fours with the instant set of cases, the Court finds that they provide support for the proposition that joint notices may be approved where they are the most practicable vehicle for effecting notice upon the class members.

Here, the Court finds that Defendants' separate motion proposal does not substantially reduce the likelihood of confusion for recipient class members, and in fact poses some possibility of increasing it. Plaintiffs' proposed joint notice repeatedly specifies which individuals are members of each class. (*See* ECF No. 71-1 at 3, 5, 7-8). Moreover, Plaintiffs' proposed joint notice would be largely identical if divided into separate notices for each case, giving rise to the possibility that the *Makaeff* class

members might ignore or be confused by one or other of the notices. *See In re FedEx Ground Package Sys.*, 2008 WL 927654, at *3 (noting that "if absent class members receive . . . two notices that are nearly identical, there is a strong possibility many absent class members may ignore one notice or the other as a duplicate").

Defendants cite to *In re FedEx* to support their contention that the "individual identity" of each case must be preserved. (ECF No. 68 at 6). But the *In re FedEx* court was referring to the attempts of Plaintiffs in that case to make reference in the notice to other lawsuits in *multi-district* litigation, not to the joint notice of the state-based claims and the national ERISA claims in the Rule 23(b)(3) motion, which the court approved. *See* 2008 WL 927654, at *3-4. The *In re FedEx* court was concerned that a notice referencing all pending MDL cases gave the appearance of some kind of giant, super class action, which was misleading given that the Court had denied several motions to certify class actions in several MDL cases. Those concerns are absent here where there are two cases that are being handled by this Court and certification has been granted on the issue of liability in both cases.

In addition, by alerting class members of the existence of both class actions in one notice, the proposed notice increases the ability of class members to monitor both cases to ensure that class counsel and class representatives are providing adequate representation to the members of the classes.

For these reasons, the Court finds that the proposed notice provides an opportunity for class members in both cases to participate in the litigation, to opt-out of the litigation, to monitor the performance of class representatives and class counsel, and to ensure that predictions of adequate representation are fulfilled. It does this with reduced administrative burdens and costs that would be imposed upon Plaintiffs. The Court **GRANTS** Plaintiffs' motion to send a joint notice covering both cases and orders Plaintiffs to serve a joint notice, pursuant to the terms set forth below.

## II. Other Objections

### a. Proposed Pre-paid Postcard

Defendants object to the proposed pre-paid postcard ("Return Postcard") Plaintiff seeks to include in all mailed notices. (ECF No. 68 at 6) (referencing the proposed postcard attached as Exhibit 4 to the Declaration of Rachel L. Jensen, ECF No. 61-2, Ex. 4.) Defendants argue that the Return Postcard improperly references the class members' current ages, as opposed to their ages when they purchased Trump University Live Events. (*Id.* at 7). Plaintiffs do not object to this proposed modification. (ECF No. 71 at 9).

As certified, the age of the class members at the time of purchase is the relevant criteria under the California and Florida elder abuse laws. (10cv940, ECF No. 418). Accordingly, the Court **ORDERS** the Plaintiffs to amend the Return Postcard to refer to the ages of the class members at the time that they purchased Trump University Live Events.

### b. Proposed Pre-paid "Exclusion Request/Opt-Out" Postcard

Defendants contend that Plaintiffs' notice must include "a pre-paid 'Exclusion Request/Opt-Out' postcard" in order to eliminate a potential roadblock for individuals who wish to exclude themselves. (ECF No. 68 at 7-8.) Contrary to Defendants' assertion, pre-paid opt-out cards are far from "routine." In fact, in one of the two cases Defendants cited for this proposition, the court did *not* require enclosure of a pre-paid envelope with the notice. *Compare Tierno v. Rite Aid Corp.*, 2007 WL 4166028, at *2 (N.D. Cal. Nov. 19, 2007) (requiring inclusion of prepaid opt-out form with notice) *with Cruz v. Dollar Tree Stores, Inc.*, 2009 WL 1974404, at *2 (N.D. Cal. July 2, 2009) (requiring opt-out form, but not pre-paid envelope), *modified in part*, 270 F.R.D. 499 (N.D. Cal. 2010). Rule 23 requires only that the class members receive notice that explains in "plain, easily understood language . . . that the court will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B). As one court explained,

> FRCP 23(b)(3) does not explicitly require an opt-out form be included as part of the notice. Reviewing the Advisory Committee Notes included with FRCP 23(c)(2)(B), in 2003 the Committee referred to illustrative clear-notice forms provided by the Federal Judicial Center. *See*

>Fed.R.Civ.P. 23(c)(2)(B) advisory committee's note. The example notice forms provided by the Federal Judicial Center merely includes language, on the face of the notice, that a class member may decide to be excluded from the class, and if they wish to do so, they may send a letter to a given address. *See* http://www.fjc.gov/ (Class Action Notices Page). The notice forms do not appear to contemplate the inclusion of an exclusion notice form. Further, the Court finds that on balance, such a separate form will "engender confusion" and may encourage class members to "unwittingly opt out of the class." *Roberts v. Heim*, 130 F.R.D. 416, 423 (N.D.Cal.1988).

*Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 4468678, at *3 (N.D. Cal. Dec. 17, 2007). The Advisory Committee Notes also contain no discussion of requiring pre-paid opt-out forms.

On balance, this Court finds that Plaintiffs are not required to include a pre-paid opt-out card. The notice Plaintiffs propose to mail clearly explains that (1) if a class member does not wish to be included in the class, he or she must take affirmative steps in order to be excluded, (2) the class member must opt out in writing (Plaintiff provides the address to be used for exclusion requests), (3) the written request must contain the class member's name, address, and signature, and (4) an exclusion request form is available at www.trumpuniversitylitigation.com. (ECF No. 61-2, Ex. 2). This satisfies Rule 23's requirement of setting forth the class members' rights in clear language and the option of downloading an exclusion request form from the website eliminates the burden of drafting a letter. Moreover, as the *Krzesniak* court highlighted, an opt-out card included with the notice could very well be construed by many class members as an opt-*in* card, resulting in class members unwittingly excluding themselves from the litigation.

### c. Defendants' Request for Ten (10) Days Review of Class Member List

Defendants request that the Court prescribe a ten (10) business day period from receipt of the Class Notice Administrator ("Administrator") of the compiled list of names and addresses Plaintiffs are intending to use for class period, so as to ensure that the Administrator's list of potential class members is as complete and accurate as

1 possible. (ECF No. 68 at 7). Plaintiffs reply that this period is no longer necessary, since the Administrator sent the compiled list to Defendants as of May 1, 2015. (ECF No. 71 at 9. Since Defendants have had several months to review Plaintiffs' compiled list, the Court will not adjust the class notice schedule to prescribe an additional review period.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for approval of class notice and directing class notice procedures (ECF No. 61). Accordingly, **IT IS HEREBY ORDERED** that:

1. The Proposed Class Notices (attached as ECF No. 71-1, Ex. A; ECF No. 61-2, Ex. 2, and ECF No. 61-2, Ex. 3) are approved for dissemination of class notice. The parties are authorized to make non-substantive changes to the notice, as long as they are acceptable to both parties, to reflect deadlines, mailing addresses, and similar information or to format the notice for printing.

2. Plaintiffs will submit an amended Return Postcard (attached as ECF No. 61-2, Ex. 4) that is consistent with this Order within **seven (7) days of the Order**.

3. Epiq Systems, Inc. is approved as "Notice Administrator" to supervise and carry out the notice procedure.

4. The Notice Administrator is directed to compile a list of names and addresses of purchasers of "Trump University" programs as they appear in defendants' records, and Defendants are directed to cooperate in ensuring the list of potential Class Members is as complete and accurate as possible.

5. The Notice Administrator is directed to establish and monitor a website (www.trumpuniversitylitigation.com), making available copies of the Long-Form Notice, this Court's class certification orders, an address for

mailing requests for exclusion or providing contact or age information, and other helpful information.

6. The Notice Administrator is directed to establish a toll-free telephone number, (866) 841-7311, where Class Members may call for additional information.

7. The Notice Administrator is ordered to send through U.S. first-class mail, within **ten (10) days of the Order** (the "Notice Date"), the Mailed Notice, substantially in the form attached as ECF No. 61-2, Ex. 3, to each purchaser identified on the list informing them of both class actions. Among other things, the Mailed Notice shall provide a website, address and phone number, information as to how Class Members can obtain a Long-Form Notice, substantially in the form attached as ECF No. 71-1, Ex. A, which includes: (i) more detail about the litigation and answers to frequently-asked questions; (ii) an address for sending requests for exclusion from one or both of the Classes; and (iii) information as to how Class Members can update their information and senior citizens to indicate they may be members of an elder financial abuse subclass. Provided that the amended Return Postcard has been subsequently approved by the Court, the Notice Administrator is authorized to include it in the Mailed Notice.

8. The Notice Administrator is ordered to publish on one occasion in the national edition of USA Today the Summary Notice, substantially in the form attached as ECF No. 61-2, Ex. 3, not later than **ten (10) days after the Notice Date**, which will give those who did not receive the notice by mail an opportunity to request it and to protect any rights they may have.

9. The deadline for exclusion from the Class shall be **forty-five (45) days after the Notice Date** ("Opt-Out Deadline"). Any Class Member who does not send a completed, signed request for exclusion to the Notice

Administrator post-marked on or before the Opt-Out Deadline will be deemed to be a Member of the Class for all purposes and bound by all further orders and judgments of the Court. All opt outs shall not be so bound, but also barred from sharing in any recovery.

10. The Notice Administrator is ordered to provide counsel for both parties with a list of all timely requests for exclusion within **seven (7) business days after the Opt-Out Deadline**. Plaintiffs are ordered to file such list with the Court within **three (3) days thereafter**.

**IT IS SO ORDERED.**

DATED: September 21, 2015

HON. GONZALO P. CURIEL
United States District Judge