**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | CASE NO. 13-cv-2519-GPC-WVG<br>Related Case: 10-cv-0940-GPC-WVG<br><br>**ORDER:**<br><br>**DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 31, 2015 ORDER**<br><br>[ECF No. 123]<br><br>**GRANTING PLAINTIFF'S MOTIONS TO FILE UNDER SEAL**<br><br>[ECF Nos. 124, 134] |

Before the Court is Plaintiff Art Cohen's ("Plaintiff") objection to the Magistrate Judge's July 31, 2015 order ruling on parties' joint statement for determination of discovery disputes (ECF No. 110), ECF No. 123, as well as related motions to seal, ECF Nos. 124, 134. On September 18, 2015, Defendant Donald J. Trump ("Defendant") filed an opposition. ECF No. 129. On October 2, 2015, Plaintiff filed a reply. ECF No. 133. Based on the reasoning below, the Court DENIES Plaintiff's objections to the Magistrate Judge's discovery order, and GRANTS Plaintiff's motions to seal.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days. In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). Consequently, discretionary orders, such as those denying discovery, "will be overturned only if the district court is left with the definite and firm conviction that a mistake has been made." *Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199–1200 (S.D. Cal. 2003) (*quoting Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)).

## BACKGROUND

In our previous June 30, 2015 order, this Court sustained Plaintiff's objection to the Magistrate Judge's May 13, 2015 ruling that Plaintiff was not permitted to question Defendant about the capital contributions Defendant made directly or indirectly to Trump University ("TU"), or the capital contributions he received directly or indirectly from TU. ECF No. 102 at 11. We found that such questioning "is relevant to showing Defendant's motive and bias, is not equally-available from other sources, and is not covered by a federal right to privacy." *Id.* As a result, we permitted Plaintiff to reopen any depositions where Defendant's counsel instructed a witness not to answer financial questions regarding Trump and conduct limited questioning in accordance with the order. *Id.*

In the previous order, we noted that the relief Plaintiff sought was something of a "moving target." *Id.* at 10. We stated,

> Plaintiff also seeks "complete information" about Trump's contributions into, and benefits from, Trump University. However, the Court finds that the Magistrate Judge's May 13, 2015 order was limited to appropriate areas of inquiry during depositions and this Court's order is thus limited in scope as well. This Court's order shall not be construed as allowing any further written or document discovery or as authorizing any further

>discovery of any kind in the Makaeff case. Thus, to the extent Plaintiff seeks anything other than permission to question Defendant or any other deponent about the capital contributions Defendant made directly or indirectly to Trump University, or the capital contributions he received directly or indirectly from Trump University, Plaintiff's objection is OVERRULED.

*Id.* (citations omitted).

Subsequently, Plaintiff sought to compel Defendant to produce documents showing Defendant's contributions to and from TU in accordance with requests for production of documents ("RFPs") previously served upon Defendant. ECF No. 110 at 16. Parties notified the Court of this discovery dispute on July 8, 2015. *Id.* at 1. On July 31, 2015, the Magistrate Judge denied this request on the grounds that: (1) our previous June 30, 2015 order closed the door to further document discovery; (2) there was no evidence of an agreement between the parties as to the scope of the documents Defendants would produce after the Court resolved the discovery dispute; and (3) the request was untimely. *Id.* at 20–23. Plaintiff's objection followed.

## DISCUSSION

Plaintiff objects to the Magistrate Judge's ruling declining to issue an order to compel production of additional documents in response to Plaintiff's Financial RFPs. Plaintiff argues that (1) this Court's June 30, 2015 order did not foreclose *outstanding* document discovery requests; and (2) Plaintiff's renewed request for document production based on these previous document discovery requests was timely because the Magistrate Judge's May 13, 2015 order denying deposition questioning on this issue effectively tolled the Magistrate Judge's 30-day rule for contacting the Court regarding arising discovery disputes. ECF No. 123 at 15–18. Defendant respond that (1) there was never an agreement that Defendant would produce all the documents requested by Plaintiff on this issue following the ruling on the discovery dispute; and (2) the lack of agreement as to the scope of discovery constituted a dispute Plaintiff was obligated, and failed, to alert the Court about within 30 days of the dispute arising. ECF No. 129 at 9–11.

Upon review of the record, the moving papers, and the applicable law, this

1  Court finds that the Magistrate Judge's July 31, 2015 determination that Plaintiff's
2  request was untimely was not clearly erroneous. As the Magistrate Judge found,
3  counsels' declarations support the finding that there was a dispute between the
4  parties as to the scope of document production should Plaintiff have prevailed in the
5  original discovery dispute, ECF No. 110 at 22; *see also* Pfefferbaum Declaration,
6  ECF No. 123-1 at 3 (attesting that on May 6, 2015, "[Defense Counsel] Morris and I
7  did not reach an agreement on the scope of the production to be made in the event
8  plaintiff prevailed on the motion before [Magistrate] Judge Gallo); Morris
9  Declaration, ECF No. 129-1 at 2 (attesting that on the same day, "I agreed that if the
10 Magistrate Judge Gallo found in Plaintiff's favor on the issue . . . that Defendant
11 would produce a list of contributions and distributions between Defendant and
12 Trump University," but that "[t]here was no further agreement regarding the other
13 documents Plaintiff claimed to seek . . . [and] no agreement to table all further
14 discussion of this RFP or Plaintiff's entitlement to all financial documents relating
15 to Defendant until after Magistrate Judge Gallo ruled."). Moreover, the record
16 supports the Magistrate Judge's finding that Plaintiff did not bring this dispute to
17 the Court's attention within 30 days of the dispute arising. ECF No. 110 at 23.
18 Defendant responded to the Plaintiff's RFPs and subpoena request between April 27
19 to June 4, 2015, ECF No. 123 at 17, but Plaintiff did not alert the Court as to the
20 discovery dispute until July 8, 2015, ECF No. 110 at 1. Accordingly, the Court
21 hereby OVERRULES Plaintiff's objection.[1]
22 ///
23

---

24  [1] Because the Court finds that the Magistrate Judge's ruling that Plaintiff's request was untimely was not clearly erroneous, the Court need not address Plaintiff's additional argument that the Magistrate Judge's finding that this Court's June 30, 2015 order barred Plaintiff's request was contrary to law. ECF No. 123 at 15–17. However, the Court notes that, as we stated in the June 30, 2015 order, the question of written or document discovery was not then squarely presented before us because the Magistrate Judge's original May 13, 2015 order, to which Plaintiff was objecting, was limited to appropriate areas of inquiry during depositions. *See* ECF No. 102 at 10. Thus, the question of the appropriateness of written or document discovery on this issue was not reached on the merits in the June 30, 2015 order.

## MOTIONS TO SEAL

Pursuant to his objection, Plaintiff filed several unopposed motions to seal. ECF Nos. 124, 134. Having reviewed the motions, and pursuant to Civil Local Rule 79.2 and the First Amended Protective Order entered in the related case, *Makaeff v. Trump Univ., LLC*, No. 3:10-cv-00940-GPC-WVG, ECF No. 316, the Court hereby **GRANTS** Plaintiff's motions to file under seal.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objection to the Magistrate Judge's July 31, 2015 Order (ECF No. 123) is **OVERRULED**;

(2) Plaintiff's related Motions to Seal (ECF Nos. 124, 134) are **GRANTED**.

**IT IS SO ORDERED.**

DATED: October 8, 2015

HON. GONZALO P. CURIEL
United States District Judge