# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | CASE NO. 13-cv-2519-GPC-WVG<br>Related Case: 10-cv-0940-GPC-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE OCTOBER 9, 2015 ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 31, 2015 ORDER**<br><br>[ECF No. 141] |

Before the Court is Plaintiff Art Cohen's ("Plaintiff") motion for reconsideration of the Court's October 9, 2015 order denying Plaintiff's objections to the Magistrate Judge's July 31, 2015 order ruling on parties' joint statement for determination of discovery disputes ("Previous Order," ECF No. 136). Pl. Mot., ECF No. 141. The Court subsequently granted parties' request for an expedited briefing schedule. Order Setting Briefing Schedule, ECF No. 143. On October 19, 2015, Defendant Donald J. Trump ("Defendant") filed an opposition. Def. Opp., ECF No. 144. On October 20, 2015, Plaintiff filed a reply. Pl. Reply, ECF No. 145. Based on the moving papers and the applicable law, the Court **DENIES** Plaintiff's motion for reconsideration.

## LEGAL STANDARD

A motion for reconsideration may be brought under Fed. R. Civ. P. Rule 54(b), which provides that any order which does not terminate the case is subject to revision at any time before the entry of judgment. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011).

In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney "setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application." Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court has discretion in granting or denying a motion for reconsideration. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). A motion for reconsideration should not be granted absent highly unusual circumstances. *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

## BACKGROUND

In its previous October 9, 2015 order, this Court denied Plaintiff's objection to

the Magistrate Judge's July 31, 2015 order denying Plaintiff further written or document discovery regarding Defendant's contributions into, and benefits from, Trump University beyond the depositions previously approved by the Court. Previous Order 1. In the July 31, 2015 order, Magistrate Judge Gallo had found that (1) our previous June 30, 2015 order closed the door to further document discovery; (2) there was no evidence of an agreement between the parties as to the scope of the documents Defendants would produce after the Court resolved the discovery dispute; and (3) the request was untimely. *Id.* at 2. In the Court's October 9, 2015 order, we found that Judge Gallo's determination that Plaintiff's request was untimely was not clearly erroneous. We stated,

> As the Magistrate Judge found, counsels' declarations support the finding that there was a dispute between the parties as to the scope of document production should Plaintiff have prevailed in the original discovery dispute. Moreover, the record supports the Magistrate Judge's finding that Plaintiff did not bring this dispute to the Court's attention within 30 days of the dispute arising. Defendant responded to the Plaintiff's RFPs and subpoena request between April 27 to June 4, 2015, but Plaintiff did not alert the Court as to the discovery dispute until July 8, 2015.

*Id.* at 3 (citations omitted).

## DISCUSSION

Plaintiff moves for reconsideration of the Court's October 9, 2015 order. He argues that our order established two propositions: "(1) This Court's June 30, 2015 Order did *not* determine the propriety of outstanding document requests and subpoenas related to Trump's profits; and (2) As of May 6, 2015, the parties' only dispute over outstanding document requests was a contingent one: 'there was a dispute between the parties as to the scope of document production *should Plaintiff have prevailed in the original discovery dispute*.'" Pl. Mot. 2 (quoting Previous Order at 4). In other words, Plaintiff's argument is essentially that a "contingent" dispute should not be understood as a dispute for the purposes of Judge Gallo's chamber rules concerning timely notification of the Court regarding unresolved discovery disputes. But as the Court stated in its Previous Order, the Court is not prepared to find Judge Gallo's interpretation of the meaning of "dispute" within his

1  chamber rules to be clearly erroneous. Plaintiff's motion for reconsideration
2  essentially recasts his previous argument that the Court should overrule Judge
3  Gallo's understanding of when a dispute arose under his chamber rules. *Compare*
4  Pl. Mot. 2 ("This means that any disagreement over the scope of a potential
5  document production would not materialize into a justiciable dispute *unless and*
6  *until* plaintiff prevailed in the original discovery dispute over the discoverability of
7  Trump's profits.") *with* Pl. Objection to Magistrate Judge's July 31, 2015 Order
8  13–14, ECF No. 123 ("In light of this holding, and as of the date it was issued, there
9  was no longer a live dispute between the parties."). A motion for reconsideration
10 "cannot be used to ask the Court to rethink what the Court has already thought
11 through merely because a party disagrees with the Court's decision." *Collins v. D.R.*
12 *Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Az. 2003) (citing *United States v.*
13 *Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Az.1998)). Accordingly, Plaintiff's
14 motion for reconsideration, ECF No. 141, is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 29, 2015

HON. GONZALO P. CURIEL
United States District Judge