UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP,<br><br>    Defendant. | Case No. 13-CV-2519-GPC(WVG)<br><br>**ORDER RE: CONFIDENTIAL PORTIONS OF DEPOSITION TRANSCRIPT** |

1. OVERVIEW

The present dispute arises from Defendant's January 21, 2016, deposition. Under the terms of the parties' Protective Order, Defendant designated portions of the transcript as confidential. Plaintiffs hereby challenge the propriety of that designation for three topics discussed by Defendant. Plaintiffs challenge whether statements concerning (1) public figures; (2) a licensing agreement between Trump University, LLC, and a third party; and (3) profits shared between Defendant and the university bearing his name, can maintain a confidential designation. Plaintiffs move the Court for an order de-designating these portions from their confidential status.

On February 18, 2016, counsel for the parties notified the Court of the dispute. The parties lodged the disputed portions of the transcript and a Joint Statement

explaining their respective positions. On February 25, 2016, at 7 a.m., the Court convened a telephonic Discovery Conference. Mr. Jason Forge, Ms. Rachel Jensen, and Amber Eck appeared on behalf of Plaintiffs. Mr. David Kirman, appeared as lead counsel on behalf of Defendant. Following the Discovery Conference, the parties lodged additional briefing concerning the issues in dispute.

The Court has reviewed the parties' Joint Statement, supplemental briefing, supporting exhibits, other relevant documents filed in this action and the related action of *Makaeff v. Trump University, LLC, et al.*, 10-cv-940-GPC(WVG), and listened to the arguments asserted by counsel for all parties during the Discovery Conference. For the reasons set forth below, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' request for an Order to de-designate portions of Defendant's January 21, 2016, deposition transcript.

2. ARGUMENT

This dispute involves Defendant's deposition transcript and three categories of testimony, which were designated as confidential pursuant to the controlling Protective Order.[1] Plaintiffs dispute whether three categories of testimony can be designated as confidential including (1) statements concerning public figures, (2) statements concerning a licensing agreement between Trump University, LLC, and a third party, and (3) statements concerning monetary exchanges between Defendant and Trump University, LLC. Each is addressed in turn below.

a. PLAINTIFFS' ARGUMENTS

Plaintiffs argue that Defendant has misused the Protective Order and "over-designated" portions of Defendant's deposition transcript. They point to the Protective Order, which states that, "Any party may designate information as

---

[1] The Protective Order was entered on November 17, 2011, in the corresponding case of *Makaeff v. Trump University, LLC, et al*., Case No. 10-cv-940-GPC(WVG). ("Makaeff"). (*Makaeff* Doc. No. 91). On March 21, 2014, several months after the above captioned case was filed, the parties filed a First Amended Protective Order in the *Makaeff* case. (Doc. No. 316.) The First Amended Protective Order simply granted the parties' request for the same protections to apply to the instant case. (*Id.*) This controlling document is herein referred to as "the Protective Order."

'CONFIDENTIAL' only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party." (*Makaeff* Doc. Nos. 91, 316.) Plaintiffs assert that Defendant has ignored the narrow provisions of the Protective Order by designating large portions of non-sensitive, non-prejudicial information as confidential. They argue that even where the transcript includes legitimately confidential information, only that specific information which is protected from the public view, may be designated confidential.

Plaintiffs also contend that the disputed confidentiality designations are tremendously burdensome. Plaintiffs argue that Defendant's "over designation" adds significant additional costs and fees for future substantive motion filings because the transcript portions designated as confidential must be filed under seal.

### b.  DEFENDANT'S ARGUMENT

Defendant opposes Plaintiffs' arguments, asserting that his confidential designations are proper and only span a relatively small portion of the several hundred pages of deposition testimony. Defendant argues that there is no basis to order the de-designation of the disputed portions of the transcript, either in whole or in part, because they are properly protected under the terms agreed to by the parties. Further, Defendant asserts that Plaintiffs' piecemeal confidentiality designation proposal is impractical and unduly burdensome to require a party to parse the confidentiality status of the deposition transcript on a line by line basis as requested by Plaintiffs. Defendant also argues that much of the disputed testimony stems from documents that are properly designated as confidential, a designation not challenged by Plaintiffs.[2]

---

[2] During the Discovery Hearing, counsel for Defendant noted that these underlying documents were produced over the course of the litigation, and Plaintiffs are just now disputing their confidentiality designations. However, the Protective Order states that any party may object to a designation of materials as confidential "[a]t any stage of these proceedings." (*Makaeff* Doc. No. 91 at 5; Doc. No. 316 at 6.) Accordingly, Plaintiffs' objections to the deposition testimony referencing these documents are not untimely.

### 3. LEGAL STANDARD

The burden of proof to maintain the confidentiality of any document is on the party seeking to maintain the confidentiality. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) ("When the protective order 'was a stipulated order and no party ha[s] made a 'good cause' showing,' then 'the burden of proof ... remain[s] with the party seeking protection.'"). There are several factors the Court must consider in determining whether to protect discovery materials from disclosure under Rule 26(c), including: (1) whether the party seeking protection has shown particularized harm; (2) whether the balance of public and private interests weighs in favor of maintaining a protective order; and (3) the possibility of redacting sensitive material. *Id*. at 425. Even when first two factors weigh in favor of protecting the discovery of material, a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). In *Foltz*, an insurer argued that documents produced in discovery "contained confidential information that would satisfy the 'good cause' standard of Rule 26(c)." *Foltz*, 331 F.3d at 1131. Specifically the documents included confidential financial information, third-party medical records, personnel files, and trade secrets. *Id*. at 1136. There, the court concluded that "the limited number of third-party medical and personnel records [could] be redacted easily to protect third-party privacy interests while leaving other meaningful information." *Id*. at 1137. The Court looks to these guiding principles in determining the parties' present dispute.

### 4. ANALYSIS AND RULING

In this dispute, Defendant carries the burden to demonstrate that the disputed portions of his deposition transcript merit a confidential designation. Plaintiffs dispute the designation in three categories of Defendant's deposition testimony including statements concerning (1) public figures, (2) a licensing agreement

between Trump University, LLC, and a third party, and (3) monetary exchanges between Defendant and Trump University, LLC.

### a. PUBLIC FIGURE COMMENTS

Over twenty pages of Defendant's deposition transcript concern questions and answers regarding Defendant's prior statements about various public figures. The disputed portions span pages 192:9-201:17 and 454:23-471:4 and implicate deposition exhibits 519, 520, and 489. Defendant contends that these portions of the transcript are properly designated as confidential. He argues that the designation is necessary to protect against the likelihood that such testimony will be publicly disseminated and used against him in the current presidential campaign. However, Plaintiffs argue that these statements by Defendant are already publicly available, and, as such, merit no further protection. Nonetheless, Defendant asserts that "[e]ven if this information is already "public" in some sense, it does not mean that there is not value in preventing Plaintiffs from using the discovery process to aggregate that data for public consumption." (Joint Statement, at 5:28-6:2.)

The Court finds that these portions of the transcript are not entitled to a confidential designation. Most, if not all, of Defendant's original statements about various public figures appear to originate from public sources, including past blog articles published by Trump University, LLC. The corresponding deposition testimony (i.e. affirming or denying these past statements) merely reiterates this already public information. Based on documents presented by Plaintiffs, these prior statements by Defendant have also been subjected to media attention in the current presidential election. Thus, the Court finds that de-designating Defendant's deposition questions and answers concerning various public figures will not result in particularized harm to Defendant and therefore these portions of the transcript do not merit a confidential designation. Accordingly the Court ORDERS that deposition pages 192:9-201:17 and 454:23-471:4 be de-designated from their confidential status.


b. LICENSING AGREEMENT BETWEEN TRUMP UNIVERSITY AND THIRD PARTY

Plaintiffs next challenge the confidential designation of deposition pages 264:24-267:2, which concern testimony regarding a licensing agreement between Trump University, LLC, and a third party.[3] Plaintiffs argue that Defendant's testimony regarding the licensing agreement is not entitled protection because Trump University, LLC, is a shell entity with no current operations. Plaintiffs also argue that a ten year old agreement could not possibly implicate Defendant's present business dealings. Defendant argues that the testimony is protected from disclosure because it reveals operating and fee information that may impact Defendant's future business dealings, and thereby the agreement meets the definition of a trade secret under federal law.

The Court finds that Defendant has demonstrated good cause and that the challenged testimony is entitled to a confidential designation. Because the parties do not challenge the confidential designation of the underlying licensing agreement, the Court declines to rule on the issue of whether the licensing agreement is in fact a "trade secret." Nonetheless, trade secret law is instructive. In order to constitute a protectable trade secret, information must "(1) Derive[] independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d); *SkinMedica, Inc. v. Histogen, Inc.*, 869 F.Supp.2d 1176, 1192 (S.D. Cal. 2012); *Religious Tech Ctr. v. Netcom On-Line Commc'n Serv., Inc.*, 923 F.Supp. 1231, 1250-51 (N.D. Cal. 1995). Material, otherwise individually not protectable, may also be a protectable trade secret if combined in a compilation. *See SkinMedica, Inc. v. Histogen, Inc.*, 869 F.Supp.2d at 1194. A trade secret may consist

---

[3] The underlying licensing agreement, Deposition Exhibit 487, was produced as confidential and Plaintiffs do not challenge that designation.

of several elements, each of which is generally known, put together in a novel and previously unknown combination. *Id*.; *citing O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc*., 420 F.Supp.2d 1070, 1089–90 (N.D.Cal. 2006) ("Combinations of public information from a variety of different sources when combined in a novel way can be a trade secret. It does not matter if a portion of the trade secret is generally known, or even that every individual portion of the trade secret is generally known, as long as the combination of all such information is not generally known.") Here, the law supports shielding sensitive business information from public disclosure, including that which represents a compilation of private figures and data.

Accordingly, the Court finds that Defendant's testimony regarding the licensing agreement is entitled to protection from public disclosure. Regardless of when the agreement was drafted, the challenged testimony meets the parties' own definition for "confidential information" in the Protective Order.[4] Moreover, the testimony summarizes many details about business operations and fee schedules, which has not been made public to date. Plaintiffs rely principally, if not exclusively, on the "moribund" status of Trump University, LLC, to support their argument that no harm could result by the de-designation of the testimony. Moreover, Plaintiff contends that any revitalization of Trump University, LLC, is purely speculative in nature. While this may all be true, Trump University, LLC, is not the Defendant in this case. Regardless of the outcome of Defendant's presidential campaign, it is not speculation to believe the Defendant will continue his own private business dealings. If this portion of the testimony is not protected as confidential, this information may likely impact Defendant's future business dealings as the licensing agreement invariably reflects Defendant's business strategy and acumen. Accordingly, the Court upholds the confidential designation.

---

[4] The Protective Order at issue states that "Any party may designate information as 'CONFIDENTIAL' only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party." (*Makaeff* Doc. No. 316.)

Plaintiffs suggest that Defendant has waived his right to designate testimony concerning the licensing agreement as confidential. They point to a single question asked at the deposition of former Trump University President, Michael Sexton, that concerned the agreement. Mr. Sexton responded that he did not recall a provision of the licensing agreement. Plaintiffs imply that because this question and answer were not designated as confidential in Mr. Sexton's deposition transcript, that somehow impacts the Court's ruling regarding the instant dispute. The Court is not persuaded. Failing to designate such a question and non-affirming response as confidential has no impact on the instant dispute. The Court DENIES Plaintiffs' request to de-designate this portion of the deposition transcript, and therefore it retains the confidential designation.

### c. TESTIMONY CONCERNING PROFIT SHARING BETWEEN DEFENDANT AND TRUMP UNIVERSITY, LLC

Lastly, Plaintiffs challenge the confidential designation of pages 441:14-444:11, which concern testimony regarding profits shared between Trump University, LLC, and Defendant.[5] Plaintiffs argue that Defendant's testimony regarding the profits shared between Defendant and the university bearing his name are entitled to minimal protection as Defendant has publicly disclosed information regarding his finances during the presidential campaign. Plaintiffs also assert that Defendant has improperly over-designated the entire line of questioning as confidential. Plaintiffs contend that any concerns can be addressed by redacting and protecting specific numerical figures from disclosure. Defendant argues that the testimony is properly designated as confidential because it reveals highly sensitive financial information that is not publicly available.

While the Court agrees that specific dollar amounts merit a confidential designation, the Court disagrees that the entire line of questioning regarding the

---

[5] The underlying financial documents, including Deposition Exhibit 517 and 517A, were produced as confidential and Plaintiffs do not challenge that designation.

profits shared between Defendant and Trump University, LLC, is subject to protection. Accordingly, the Court ORDERS Defendant de-designate as confidential this portion of transcript for all but the following four provisions: 442:12-13 (starting with "2 on line 12, and ending with "." on line 13); 443:19 (numerical figure only); 443:22 (numerical figure only); 443:25 (numerical figure only). These four portions of this disputed portion of the transcript shall maintain a confidential designation.

### 5. CONCLUSION

The Court has reviewed the parties' Joint Statement, supplemental briefing, supporting exhibits, other relevant documents filed in this action and the related action of *Makaeff v. Trump University, LLC et al.*, 10-cv-940-GPC(WVG), and listened to the arguments asserted by counsel for all parties during the Discovery Conference. For the reasons set forth below, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiffs' request for an Order to de-designate portions of Defendant's January 21, 2016, deposition transcript as follows: Defendant is ORDERED to de-designate pages 192:9-201:17 and 454:23-471:4 as the Court finds these pages are not entitled to confidential protection. Defendant is also ORDERED to de-designate pages 441:14-444:11, with the exception of four provisions including pages 442:12-13 (starting with "2 on line 12, and ending with "." on line 13); 443:19 (numerical figure only); 443:22 (numerical figure only); 443:25 (numerical figure only). These four portions of this disputed portion of the transcript shall maintain a confidential designation. Plaintiffs' request for an order de-designating pages 264:24-267:2 as confidential is DENIED, as the Court finds these are properly protected from public disclosure. IT IS SO ORDERED.

Dated: March 14, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge