DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV (CA State Bar No. 169454)
  alonzowickers@dwt.com
DAN LAIDMAN (CA State Bar No. 274482)
  danlaidman@dwt.com
865 S. Figueroa St., Suite 2400
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Non-Party Press Organization
WP COMPANY LLC d/b/a
THE WASHINGTON POST

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Case No. **3:13-cv-02519-GPC-WVG**<br><br>**NOTICE OF MOTION AND MOTION OF NON-PARTY PRESS ORGANIZATION FOR LIMITED PURPOSE INTERVENTION AND ORDER UNSEALING COURT RECORDS**<br><br>Judge:  Hon. Gonzalo P. Curiel<br>Date:  May 27, 2016<br>Courtroom:  2D<br>Time:  1:30 p.m.<br><br>[Memorandum of Points and Authorities, Declaration of Dan Laidman with Exhibits A-D, and [Proposed] Order Filed and Lodged Concurrently] |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Friday, May 27, 2016, at 1:30 p.m. or as soon thereafter as counsel may be heard before the above-referenced Court, located at 221 West Broadway, San Diego, CA 92101, Courtroom 2D, non-party press organization WP Company LLC d/b/a The Washington Post ("the Post"), will and hereby does move to intervene in this matter for the limited purpose of requesting the immediate unsealing of the exhibits filed with the Court under seal in connection with Plaintiff Art Cohen's Motion For Class Certification, Appointment Of Class Representative And Appointment Of Class Counsel ("Class Certification Motion").

The Post requests the immediate unsealing of Docket No. 39-2, Declaration of Jason A. Forge, Exhibits 6, 12, 14-21, 24, 27-34A, 36-38, 40, and 44; and Docket No. 45-1, Declaration of Nancy L. Stagg, Exhibits 1-3, 7-22, 24-28, 33-34, and 36. This Motion is made on the following grounds:

1. The press has standing to assert the public's, and its own, constitutional and common law right of access to court records and proceedings. *See, e.g., Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982). Limited purpose intervention is the proper vehicle for non-party news organizations such as the Post to seek the unsealing of court records. *See Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); Memorandum, Section II.

2. Under the First Amendment and common law, there is a presumptive right of access to the exhibits filed in connection with Plaintiff's Motion for Class Certification. *See Courthouse News Service v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016); Memorandum, Section III.

3. The parties have not identified compelling reasons to justify the continued sealing of the more than 900 pages of exhibits filed in support of, and opposition to, Plaintiff's Class Certification Motion. *See* Memorandum, Section

IV.A.  As this litigation concerns the business activities of a leading presidential candidate, and the lawsuit itself has become a prominent issue in the campaign, no such private interest could override the exceptionally strong public interest in ensuring that the proceedings are open to public scrutiny.  *Id.*, Section IV.B.

4. The order permitting the parties to file exhibits under seal is not narrowly tailored to address any purported compelling interest in secrecy, as required.  *See* Memorandum, Section IV.C.

5. In the alternative, the records also should be unsealed because the parties have not shown "good cause" for secrecy under Federal Rule of Civil Procedure 26(c).  *See Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); Memorandum, Section V.

For all of these reasons, the Post respectfully requests that this Court grant its request for limited purpose intervention, and order the immediate unsealing of the exhibits identified above.  *See Associated Press v. District Court*, 705 F.2d 1143, 1147 (9th Cir. 1983) (even a 48-hour delay in the release of presumptively public court records was improper because it was "a total restraint on the public's first amendment right of access even though the restraint is limited in time").

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Dan Laidman with Exhibits A-D; on all pleadings, records, and files in this case; on all matters of which judicial notice may be taken; and on such argument as may be presented at any hearing on this Motion.

DATED: April 1, 2016

DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV
DAN LAIDMAN

By: /s/ Alonzo Wickers IV
Alonzo Wickers IV
Attorneys for Non-Party Press Organization
WP COMPANY LLC d/b/a
THE WASHINGTON POST