DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID L. KIRMAN (S.B. #235175)
dkirman@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779

JILL A. MARTIN (S.B. #245626)
jmartin@trumpnational.com
c/o TRUMP NATIONAL GOLF CLUB
One Trump National Drive
Rancho Palos Verdes, CA 90275
Telephone:   (310) 202-3225
Facsimile:    (310) 265-5522

Attorneys for Defendants
DONALD J. TRUMP and TRUMP
UNIVERSITY, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Case No. 13-CV-2519-GPC(WVG)<br><br>Hon. Gonzalo P. Curiel<br><br>**DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE PRETRIAL DISCLOSURE FILINGS UNTIL THE COURT DECIDES THE DISPOSITIVE MOTIONS IN THIS CASE**<br><br>[DECLARATION OF DAVID L. KIRMAN AND [PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH] |

1  **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF**
2  **RECORD:**

3  **PLEASE TAKE NOTICE THAT** defendant Donald J. Trump
4  ("defendant"), by and through his counsel of record, will and hereby does apply to
5  the Court *ex parte* for an order amending the November 12, 2015 Case
6  Management Conference Order Regulating Discovery and Other Pretrial
7  Proceedings (the "Scheduling Order") (Dkt. 149) by (i) vacating the pretrial
8  disclosure requirements until the Court has ruled on the defendant's dispositive
9  motion for summary judgment (Dkt. 180) and motion to decertify the class (Dkt.
10 192), and the parties' five motions to exclude evidence related to expert witnesses,
11 (Dkts. 181, 184, 187, 188, 189); and (ii) vacating the June 17, 2016 pretrial
12 conference, which is scheduled to occur five weeks *before* the hearing date for the
13 defendant's dispositive motions (July 22, 2016), *see* Dkt. 198.  The parties met and
14 conferred prior to defendant filing this application, but plaintiffs do not agree to the
15 moving of any dates.  *See* Declaration of David L. Kirman ("Kirman Decl.") ¶ 3–4;
16 S.D. Cal. LR 83.3.g.2.  This application is based on the attached memorandum of
17 points and authorities and the attached declaration of David L. Kirman.

18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**

On November 12, 2015, the Court entered its Scheduling Order, which (1) required the parties to file "all motions, other than motions to amend or join parties, or motions in limine" on or before April 22, 2016, Dkt. 149 ¶ 8; (2) required the parties to fully comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before May 27, 2016,[1] Dkt. 149 ¶ 13; (3) required the parties to prepare, serve, and lodge a pretrial order with the Court on or before June 10, 2016, Dkt. 149 ¶ 15; and (4) set June 17, 2016 as the hearing date for the parties' pretrial conference, Dkt. 149 ¶ 16.

Consistent with the Court's Scheduling Order, defendant filed four motions on April 22, 2016, including a motion for summary judgment, a motion seeking decertification of the class, and two motions to exclude evidence related to plaintiffs' expert witnesses. *See* Dkts. 180, 181, 188, 192. Plaintiffs filed three motions on April 22, 2016, all seeking to exclude evidence related to defendant's rebuttal experts. *See* Dkts. 184, 187, 189. Each of these motion is critical to the substance of the defendant's pretrial disclosures, trial plan, and litigation strategy. The Court set July 22, 2016 as the hearing date for the motions, Dkt. 198, and ordered the following briefing schedule: (i) responses to the motions are to be filed on or before June 3, 2016; and (ii) any replies must be filed on or before June 17, 2016, Dkt. 195.

On May 6, 2016, the Court held a status conference on the companion case, *Low v. Trump University and Donald J. Trump*, CV 10-940-GPC-WVG. At the hearing, the Court noted that the parties' trial plan in that case required work, ordered that the parties meet and confer further, and continued the trial until

---

[1] The Scheduling Order currently contains a minor typographical error, listing the current pretrial disclosure deadline as "May 27, 2015" instead of "May 27, 2016." Dkt. 149 ¶ 13.

DEFS.' *EX PARTE* APPLICATION TO
AMEND THE SCHEDULING ORDER
13-CV-2519-GPC(WVG)

November 28, 2016. The *Low* case is three years older than this case. Currently, there is no trial date is set in this case.

On May 17, 2016, defense counsel met and conferred with plaintiffs' counsel telephonically about requesting the Court to continue the pretrial disclosure requirements in this matter. *See* Declaration of David L. Kirman ("Kirman Decl.") ¶ 3. Defense counsel proposed that the parties prepare a joint request to continue the pretrial disclosure deadline and pretrial conference until after the Court had ruled on the parties' seven pending motions. *Id.* Defense counsel stated that exchanging pretrial disclosures before the Court had ruled on the defendant's case dispositive motions would not be helpful, given that the outcome of such motions directly implicates the substance of the disclosures and plan. *See Id.* ¶¶ 3. Among other reasons, Defense counsel stated that:

- a ruling in favor of defendants on the pending motions for summary judgment and decertification could obviate the need for the pretrial disclosures and trial plans entirely;
- a ruling on decertification similar to *Low*, in which the court decertified damages, would significantly impact the trial plan and pretrial disclosures;
- the outcome of the parties' five motions to exclude evidence related to experts would significantly impact the trial plan and pretrial disclosures because all of the experts have extensive reports, evidence, and deposition testimony;
- moving to vacate the dates here would be consistent with the Court's approach in *Low*, where the Court ordered that pretrial disclosures and the trial plan be completed after the Court has ruled on the parties' substantive motions.

*See id.*

Given the uncertainties regarding the necessity for and scope of a trial in this action, defense counsel asked whether plaintiffs would agree to jointly move to extend the deadline of the pretrial filings until the Court had ruled on the dispositive motions. *Id.* ¶ 4. Plaintiffs' counsel refused to do so, necessitating this *ex parte* application. *Id.*

## I. DEFENDANT'S *EX PARTE* APPLICATION SHOULD BE GRANTED

The Court should grant defendant's application for three reasons. *See* Fed. R. Civ. P. 16(b)(4) (a scheduling order shall be "modified only for good cause and with the judges consent").

*First*, Courts regularly grant the relief requested where dispositive motions are pending. *See Faulks v. Wells Fargo & Co.*, 2015 U.S. Dist. LEXIS 109017, at *25 (N.D. Cal. Aug. 17, 2015) (vacating all pretrial dates "pending resolution of dispositive motions."); *Crump v. SSA,* 2008 U.S. Dist. LEXIS 73646, at *4-5 (E.D. Cal. Aug. 14, 2008) ("Pretrial conference and trial dates have been vacated pending disposition of defendants' timely filed dispositive motion."); *Saif'ullah v. Padaoan*, 2007 U.S. Dist. LEXIS 62673, at *3 (E.D. Cal. Aug. 24, 2007); *Westerfield v. Penner*, 2006 U.S. Dist. LEXIS 36049, at *33 (E.D. Cal. Feb. 3, 2006) (same); *see also Stone v. Advance Am.*, 2011 U.S. Dist. LEXIS 128414, at *18 (S.D. Cal. Nov. 7, 2011) ("In December 2010, the Court vacated the remaining pretrial dates until the Court reached a decision on these pending motions. [# 92, 117, & 124] Now that the dispositive motions have been resolved and a hearing has been set on the class certification motion, a schedule for the remaining pretrial dates must be scheduled."); *Catlin v. Salt Lake City Sch. Dist.*, 2009 WL 706882, at *1 (D. Utah Mar. 13, 2009) ("The court has determined that while that dispositive motion is pending, it makes little sense for the parties to file an Attorney Planning Meeting Report or attend an initial pretrial conference."); *Connors v. Iquique U.S. L.L.C.*, 2006 U.S. Dist. LEXIS 34136, at *2 (W.D. Wash. May 24, 2006).

*Second*, even if the dispositive motions are denied, along with the pending expert motions, the relevant issues in this case are difficult to predict with the seven motions pending.

*Third*, no party will suffer prejudice from the relief sought in this application because *Low* is not scheduled for trial until the end of November and trial in this case will not occur until sometime in 2017, giving the parties sufficient time to complete the disclosures after the Court rules on the parties' pending motions.

## II.   CONCLUSION

Defendant respectfully requests that the Court grant this application and vacate the pretrial disclosure deadlines and the pretrial conference until the Court has ruled on the dispositive motions currently pending before the Court.

Dated:  May 18, 2016

DANIEL M. PETROCELLI
DAVID L. KIRMAN
O'MELVENY & MYERS LLP


By:     /s/Daniel M. Petrocelli
            Daniel M. Petrocelli
Attorneys for Defendant
DONALD J. TRUMP and TRUMP UNIVERSITY, LLC