UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN,<br><br>　　　　　　Plaintiff,<br>v.<br>DONALD J. TRUMP,<br>　　　　　　Defendant. | Civil No. 13-CV-2519-GPC (WVG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE PRETRIAL DISCLOSURE FILINGS; **AMENDED CASE MANAGEMENT CONFERENCE ORDER**<br><br>[DOC. NO. 203] |

## I. BACKGROUND

On November 12, 2015, this Court issued a Case Management Conference Order. (Doc. No. 149.) Among other deadlines, the Court ordered all motions, other than motions to amend or join parties or motions in limine, to be filed by April 22, 2016. Id. at 2. The Court set a pretrial conference before the Honorable Gonzalo P. Curiel, United States District Judge, to be held on June 17, 2016. Id. at 5.

On April 22, 2016, Defendant filed a Motion for Summary Judgment (Doc. No. 180), Motion to Exclude the Opinions and Testimony of Michael A. Kamins (Doc. No. 181), Motion to Exclude the Opinions and Testimony of Paul Habibi (Doc. No. 188), and Motion for Decertification (Doc. No. 192). Also on April 22, 2016, Plaintiff filed a Motion to Exclude the Testimony of DeForest McDuff, Ph.D. (Doc. No. 184), Motion to Exclude the

Testimony of Alan D. Wallace, Esq. (Doc. No. 187), and Motion to Exclude the Testimony of Joel Steckel, Ph.D. (Doc. No. 189). These seven motions are currently pending before the District Judge.

On May 18, 2016, Defendant filed an *Ex Parte* Application to Continue Pretrial Disclosure Filings Until the Court Decides the Dispositive Motions in this Case. (Doc. No. 203.) In his *Ex Parte* Application, Defendant asks the Court to vacate the pretrial disclosure requirements until it issues a ruling on Defendant's motion for summary judgment, motion to decertify the class, and the parties' five motions to exclude evidence related to expert witnesses. Id. at 2. Defendant also asks the Court to vacate the June 17, 2016, pretrial conference before Judge Curiel. Id.

On May 20, 2016, Plaintiff filed an Opposition to Defendant's *Ex Parte* Application. (Doc. No. 205.) In his Opposition, Plaintiff argues that Defendant has failed to demonstrate the requisite good cause, and that Plaintiff and the class would suffer prejudice from any further delay in the schedule. Id. at 6-9.

On May 22, 2016, Defendant filed a Reply in Support of his *Ex Parte* Application. (Doc. No. 206.) In his Reply, Defendant states that his pending motion for summary judgment and motion to decertify the class may end this case, and would obviate the need for the pretrial filings at issue. Id. at 2.

**II. GOOD CAUSE TO EXTEND DEADLINES**

Federal Rule of Civil Procedure 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n. 6 (9th Cir.2007); citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). In Johnson, the Ninth Circuit explained,

//
//
//
//

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference ..." Jackson, 186 F.R.D. at 608.

Here, Plaintiff argues that Defendant has failed to demonstrate the requisite good cause to continue the pretrial conference and related deadlines. (Doc. No. 205.) Plaintiff claims that Defendant "waited over six months for this request," and "belatedly seeks to modify the Scheduling Order that this Court entered over six months ago." Id. at 2, 4. However, simply because the Scheduling Order was issued six months ago does not mean that Defendant's request to continue the remaining deadlines is six months overdue. While the Scheduling Order was issued in November of 2015, the pending motions were not filed until April 22, 2016, the deadline to file any dispositive motions. Plaintiff submits that Defendant did not have to wait until the April 22, 2016 deadline to file his motions. Id. at 5. Plaintiff did not have to wait until the last day to file his motions either. However, expert discovery did not close until March 25, 2016.

Plaintiff also argues that he risks tremendous prejudice by delaying this litigation because doing so could potentially prevent the case from getting to trial. (Doc. No. 205 at 2.) Defendant asserts that at a May 6, 2016 Hearing, the District Judge made it clear that it would not empanel a jury during the Presidential election, and the trial was then set for November 28, 2016 in the related case of Low v. Trump University, et al. Id. at 2. This Court finds that a continuance of the pretrial conference for less than two months will not prejudice Plaintiff, as trial has not yet been set in this case.

For good cause shown, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's *Ex Parte* Motion. The amended schedule is set forth below.

### III. AMENDED SCHEDULING ORDER

It is hereby ORDERED:

1. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **July 22, 2016**. **Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

2. Counsel shall meet together and take the action required by Local Rule 16.1(f)(4) on or before **July 29, 2016**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

3. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **August 5, 2016**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

4. The final pretrial conference shall be held before the Honorable Gonzalo P. Curiel, United States District Judge, on **August 12, 2016**, at **1:30 p.m.**, in Courtroom 2D.

//
//
//
//
//

1   5. The dates and times set forth herein will not be further modified except for good
2   cause shown.
3   IT IS SO ORDERED.
4   DATED: May 24, 2016

_____
Hon. William V. Gallo
U.S. Magistrate Judge