EXHIBIT B

CONTRACTOR AGREEMENT

THIS AGREEMENT is made and entered into this 14th day of April 2009 [2010] between TRUMP UNIVERSITY ("TU") with offices at 40 Wall Street, New York, NY 10005, and Adam Ginsberg International whose principal address is ████████████████████████████████████████ ("Consultant")

## WITNESSETH:

WHEREAS, TU seeks to engage Consultant to render such services as it determines from time-to-time and,

WHEREAS, Consultant represents that he/she is qualified to render these services;

NOW, THEREFORE, IT IS AGREED:

## I. ENGAGEMENT

1.01    Engagement:    Subject to the terms of this agreement TU has hereby retained the non-exclusive services of Consultant to render the services specified in Exhibit A, annexed hereto.

## II. OBLIGATIONS OF CONSULTANT

2.01    (a)    Consultant shall expend such time and effort as are necessary to carry out the assignment.

(b)    The results and proceeds of Consultant's services hereunder shall be deemed a "work-made-for-hire" specifically ordered by TU. Consultant acknowledges and agrees that all copyrightable material, including writings, software, drawings, and designs, and all ideas, inventions, improvements, developments and discoveries made, conceived or reduced to practice by Consultant, whether individually or in collaboration with others, during the course of performance under this Agreement, are the sole property of TU; and Consultant agrees to assign (or cause to be assigned) to TU all right, title and interest in and to all such intellectual property, including without limitation any

*TU CONSULTANT AGMT/0708*

1

CONFIDENTIAL

worldwide copyright(s), moral rights, patent(s) and any and all other such rights of whatever kind, and the right to obtain registrations, renewals, reissues and extensions of the same. In this regard, Consultant is executing the Assignment annexed hereto as Exhibit B.

Consultant agrees to execute such further documents and to do such further acts as may be necessary to perfect the foregoing assignments and to protect TU's rights. In the event Consultant fails or refuses to execute such documents, Consultant hereby appoints TU as Consultant's attorney-in-fact (this appointment to be irrevocable and a power coupled with an interest) to act on Consultant's behalf and to execute such documents. Consultant further agrees that TU shall have the right to use, copy, publish, reproduce, alter, or destroy the Intellectual Property and to take any other action consistent with TU's sole and exclusive ownership thereof, and Consultant waives any right to interfere with or to prevent the exercise of the forgoing rights by TU in its sole and absolute discretion.

(c)    Consultant Identification: While working on this Assignment, Consultant shall not directly or indirectly state or imply that she is an employee, officer or director of TU (or its affiliates) and shall not directly or indirectly state or imply that she is authorized to contractually obligate TU (or its affiliates).

2.02    Compliance with Laws, Rules and Regulations:    Consultant    shall    perform    in    strict compliance with all applicable laws and all of TU's directives.

### III. COMPENSATION & EXPENSES

3.01    (a) Compensation Payable to Consultant: Consultant shall be paid in accordance with the provisions of Exhibit C, annexed hereto and made a part hereof.

(b)    TU shall also be responsible for all reasonable costs and expenses of Consultant that are pre-approved in writing by TU in order for Consultant to work on the assignment.

*TU CONSULTANT AGMT/0708*

2

CONFIDENTIAL

IV.    CONFIDENTIAL INFORMATION, COMPETITION, ETC.

4.01   Restriction on Use of Confidential Information:

(a)    Consultant shall not, during the term of his/her affiliation with **TU** or at any time thereafter, communicate, divulge or use for the benefit of any other person, persons, partnership, association, corporation or entity any of **TU's** "confidential information,"(as defined below) knowledge or know-how.

(b)    Any and all information, knowledge or know-how concerning the operation, products, services, procedures, policies or customers of **TU** which by its nature is confidential, shall be deemed confidential for purposes of this Agreement; provided, however, the parties shall not be required to treat any information as confidential information under this Agreement if such information (i) was publicly known at the time it was disclosed or becomes publicly known after disclosure without breach by the receiving party; (ii) was known by the receiving party at the time of disclosure or becomes known to it from a party other than the disclosing party who has the apparent right to disclose such information to the receiving party's knowledge after due inquiry; (iii) is independently developed by the receiving party without reliance on the disclosed confidential information; or, (iv) is approved for disclosure by the disclosing party with the disclosing party's prior written consent.

(c)    It is expressly understood and agreed that the following shall be deemed "Confidential Information" for the purposes of this Agreement: all client lists, information regarding **TU's** business operations, methods and practices, training materials, audio/visual products, content, , electronic information, business plans, marketing materials, marketing strategies, product pricing, offers, cost data, profits, sales, income, salaries, wages, margins and all information regarding the financial affairs of **TU**; and materials specifically designated as confidential

(d)    The furnishing of Confidential Information hereunder shall not constitute nor be construed as a grant of any express or implied ownership interest, license or other right by **TU** to Consultant under any of **TU's** trademarks, copyrights or other intellectual property rights.  Consultant's right to use the Confidential Information is strictly limited to the furtherance of the said Purpose.  Upon request, Consultant shall return all Confidential Information in his/her possession to **TU**.

*TU CONSULTANT AGMT/0703*

3

CONFIDENTIAL

4.02    Enforcement of Covenants:  Consultant acknowledges that any violation of the covenants in this Agreement would result in immediate and irreparable injury to TU for which no adequate remedy at law would be available.  Accordingly, Consultant hereby consents to the entry of an injunction, without the need to post a bond, prohibiting any conduct by Consultant (its shareholders, directors, officers and employees) in violation of this Agreement.

## V. TERMINATION

5.01    Termination Upon Notice:  TU may, in its sole and exclusive discretion, terminate this Agreement and all rights granted hereunder upon written notice to the addresses set forth above.  Upon termination, Consultant's entitlement to compensation shall cease.

## VI. CONSTRUCTION AND INTERPRETATION:

6.01 Construction & Interpretation:

(a)  This Agreement is to be construed as to form, substance and procedure in accordance with the laws of New York.

(b)  Consultant & TU shall act in good faith and use their best efforts to comply with their obligations under this Agreement, and shall cooperate in accomplishing the purposes of this Agreement. Further, neither party shall directly or indirectly engage in any activities which would be detrimental to or interfere with the operation or reputation of the other party.

(c)  Independent Contractor:  This Agreement does not create a fiduciary relationship between Consultant and TU.  TU and Consultant shall be and remain independent contractors.  Nothing in this Agreement shall constitute either party, as the general or special agent, legal representative, subsidiary, joint venturer, partner, employee or servant of the other for any purpose, nor shall anything in this Agreement cause the employees of either party to be employees of the other.  Consultant is responsible to pay her own income taxes on compensation paid hereunder and is not being provided with any health benefits of any kind.

*TU CONSULTANT AGMT/0703*

4

CONFIDENTIAL

(d)     This Agreement constitutes the entire agreement between the parties, and there are no other oral or written understandings or agreements between TU and Consultant. This Agreement may be amended only by a written instrument signed by the parties hereto.

(e)     Any notice required or permitted to be given hereunder shall be in writing and shall be served upon the other party personally, or by certified mail, return receipt requested, postage prepaid.

(f)     The signatories to this agreement possess all the necessary power and authority to enter into this agreement on behalf of their organizations, and to perform the obligations under this Agreement. This Agreement has been duly authorized, executed and delivered by the entities by their signatories and constitutes a legal, valid and binding obligation of both TU and Consultant enforceable against each other in accordance with its terms.

WE HAVE READ THE FOREGOING AGREEMENT AND HEREBY AGREE TO AND ACCEPT EACH AND ALL OF THE PROVISIONS.

TRUMP UNIVERSITY

By: _____
Name: _____
Title: _____


CONSULTANT

By: _____
Name: _____
Title: _____

CONFIDENTIAL

EXHIBIT A

SCOPE OF WORK

1.  2 live sessions on April 14th at 6:00 pm and 9:00 pm EDT

2.  Fulfillment of all packages (Speedlings Basic and Speedlings Unlimited) by Adam Ginsberg International within one week of student purchase

3.  Should any refunds be issued, Adam Ginsberg International will absorb the full expense of each refund

*TU CONSULTANT AGMT/0708*

6

CONFIDENTIAL

4. **EXHIBIT B**

### ASSIGNMENT

_____ for value received, hereby assigns all right, title and interest in and to any and all ownership rights to any and all materials it has developed, produced, created, edited, drafted or otherwise delivered and received for, may in the future, develop. Produce, create, edit, draft, or otherwise deliver as a result of, or incident to its work as a Consultant to and for TRUMP UNIVERSITY. (and its affiliates) (the "Work"). This assignment includes all copyrights, and the right to secure copyright protection in the United States and all other countries of the world, and all present and future rights of every kind pertaining to such Work, whether or not such rights are now known, recognized, or contemplated. Contractor further assign all renewals of copyright and the right to renew and secure renewals of copyright, in all countries in such Work and in all versions made pursuant to this agreement.

Further, all of the concepts, ideas and materials that have been developed, produced, created and/or delivered are works for hire under all applicable laws, and no claim shall be made under this Agreement or otherwise to any right, title or interest to them.

Dated:

_____

*TU CONSULTANT AGMT/0703*

7

CONFIDENTIAL

TU 48775

Exhibit 15
- 298 -

EXHIBIT C
COMPENSATION

(a)     As full and complete compensation for all services provided, TU shall pay You compensation and/or commissions for payments made on sales consummated at TU events attended by You (less refunds granted in TU's sole and exclusive discretion) in accordance with the following Compensation Schedule.

(b)     Webinar speakers shall be paid a commission for payments received (net of shipping and taxes) on completed sales consummated as a direct result of the event on the following schedule:

Objecti commission of payments made on webinar sales.

(c)     This Compensation Schedule may be increased or decreased by TU, in its sole and exclusive discretion.

(d)     TU prices for products, services and programs are subject to change in TU's discretion and upon reasonable notice. You must strictly follow TU's pricing structure.

(e)     TU may retain 10% of commissions accrued by You for a period of ninety (90) days as a reserve for potential refunds, returns, bad debt, credits and/or charge backs. Withheld funds shall be released, after appropriate adjustments, if any, on a quarterly basis.

*TU CONSULTANT AGMT/0708*

8

CONFIDENTIAL