ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>DONALD J. TRUMP,<br><br>                    Defendant. | No. 3:13-cv-02519-GPC-WVG<br><br>CLASS ACTION<br><br>PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO ALLOW THE NON-ELECTRONIC FILING OF ELECTRONIC EXHIBITS IN SUPPORT OF PLAINTIFF'S OPPOSITIONS TO DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERT TESTIMONY<br><br>DATE:   *Ex Parte*<br>TIME:   *Ex Parte*<br>CTRM:   2D<br>JUDGE:  Hon. Gonzalo P. Curiel |

1150335_1

1   TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2   PLEASE TAKE NOTICE that plaintiff Art Cohen hereby applies *ex parte* to
3   this Court for leave to file electronic exhibits via thumb drive, in support of plaintiff's
4   oppositions to defendant Donald J. Trump's motions for summary judgment and to
5   exclude plaintiff's experts' testimony.

6   On June 8, 2016, this Court issued an Order (Dkt. 228) to return evidence that
7   plaintiff Art Cohen had lodged with the Court in support of his opposition to Trump's
8   motions. The evidence that the Court ordered returned consists of the following:

9   1.   A series of electronic files of video excerpts from the depositions of
10  Trump, taken on December 10, 2015, and January 21, 2016, which correspond to
11  Exhibit D to the Declaration of Jason A. Forge in Support of Plaintiff's Response in
12  Opposition to Defendant Donald J. Trump's Motion for Summary Judgment or, in the
13  Alternative, Partial Summary Judgment (Dkt. 220-1, "Forge Decl.").

14  2.   An electronic file of TU-PLTF02441 – YouTube video found here:
15  http://www.youtube.com/watch?v=465T6EDzoH0, which corresponds to Forge Decl.,
16  Exhibit L (the Main Promotional Video).

17  3.   An electronic file that was Ex. 479 to the deposition of Trump, which
18  corresponds to Forge Decl., Exhibit M.

19  The Court's Order provides that "Plaintiff failed to comply with Section 2.k. of
20  the Court's Electronic Case Filing Administrative Policies and Procedures Manual
21  (the 'Manual'), which requires parties to seek leave of the Court to allow the non-
22  electronic filing of exhibits when they are not convertible to electronic form." Dkt.
23  228 at 1. Plaintiff agrees with the Court's description of Section 2.k. of the Manual,
24  but respectfully submits that he did not fail to comply with this section because it does
25  not apply to Exhibits D, L, and M.

26  As this Court's Order accurately reflects, Section 2.k.'s requirement for seeking
27  leave of Court for the non-electronic filing of exhibits is expressly limited to situations
28  "when [the exhibits] are not convertible to electronic form." *Id.*; Manual, §2.k. The

evidence that plaintiff submitted consists of multiple electronic files. That these electronic files were transmitted via thumb drive does not change their nature, nor does it render them "not convertible to electronic form," which is the only type of evidence for which Section 2.k. requires leave of Court. *See* Manual, §2.k.

The Court correctly notes that the parties have previously sought leave for similar submissions (Dkt. 228 at 1), but those were joint motions and the most expedient way of submitting the evidence at those times. This time, defendant would not agree to a joint motion, and when Class Counsel carefully reviewed Section 2.k., we concluded that it does not apply to Exhibits D, L, or M, because all of these exhibits are electronic. They are not only "convertible to electronic form," but as far as we know, the only form in which they have ever existed is electronic.

The problem is that the ECF system is not set up to allow parties to upload all forms of electronic evidence. Rather, the ECF system limits parties to uploading only one form of electronic evidence: portable document formatted documents (commonly known as "pdf" documents).[1] Section 2.k. of the Manual could have easily required leave of Court for filing all non-pdf exhibits, but it does not. So we have the situation presented here, where we are undeniably dealing with electronic evidence, which can be easily uploaded, accessed, and downloaded via the Internet – precisely the type of efficiency and self-service the ECF system is supposed to yield. Yet, because of a quirk in that system, plaintiff was unable to upload the exhibits himself. Accordingly, plaintiff lodged these electronic exhibits with the Court, and did so via thumb drive.

Although plaintiff continues to believe that Section 2.k.'s leave-of-Court requirement does not apply to Exhibits D, L, and M, plaintiff respectfully requests leave to file these electronic exhibits, which directly support plaintiff's opposition to Trump's motions, particularly plaintiff's opposition to Trump's motion for summary judgment.

---

[1] *See* Declaration of Rachel L. Jensen, ¶4, filed concurrently.

1    Both sides to this case paid thousands of dollars to have depositions recorded on video, which is an implicit acknowledgment of the obvious: video (and audio) capture, and reflect, aspects of a witness's testimony that a paper transcript cannot. Nowhere is this more obvious than in plaintiff's Exhibit D, which consists of the video clips (including audio) corresponding to the portions of Trump's deposition that plaintiff submitted in opposition to Trump's motion for summary judgment. Several of these clips reflect the audio of exhibits that Trump watched/listened to and answered questions about during his deposition. The paper transcript does not reflect the contents of these exhibits, which were played ***during*** Trump's depositions. Likewise, Trump made many spontaneous and *ad hominem* remarks that are not reflected in the paper transcript of his depositions. Last, Trump's tone, facial expressions, gestures, and body language are also not reflected in the paper transcripts, yet they speak volumes to, *inter alia*, Trump's complete and utter unfamiliarity with the instructors and "instruction" that student-victims received, instead of "my hand-picked instructors [teaching] my techniques, which took my entire career to develop," which is what Trump promised. *See* Forge Decl., Ex. F at TU 25239. Put simply, Exhibit D presents a more complete record of Trump's testimony, and plaintiff does not want to leave anything to chance regarding a motion in which Trump seeks to end this entire case.

Similarly, Exhibits L and M are videos that Trump watched/listened to during his deposition and about which he answered multiple questions. *See* Forge Decl., Ex. D, DJT Tr. at 124:6-25 (Ex. M (Deposition Ex. 479)), 387:22-388:23 (Ex. L (Deposition Ex. 509)). Exhibit L is the Main Promotional Video, and there is probably not a more important exhibit in this case. Exhibit M is a video of Trump University's top "instructor," James Harris.

1  Accordingly, plaintiff respectfully requests leave to file Exhibits D, L, and M,
2  via thumb drive, as part of plaintiff's oppositions to Trump's motions for summary
3  judgment and to exclude plaintiff's experts' testimony.

4  DATED: June 9, 2016                ROBBINS GELLER RUDMAN
                                        & DOWD LLP
5                                      PATRICK J. COUGHLIN
                                       X. JAY ALVAREZ
6                                      JASON A. FORGE
                                       RACHEL L. JENSEN
7                                      DANIEL J. PFEFFERBAUM
                                       BRIAN E. COCHRAN
8                                      JEFFREY J. STEIN

                                              s/ Jason A. Forge
10                                    ─────────────────────────
                                              JASON A. FORGE

                                       655 West Broadway, Suite 1900
12                                     San Diego, CA  92101
                                       Telephone:  619/231-1058
13                                     619/231-7423 (fax)

14                                     ZELDES HAEGGQUIST & ECK, LLP
                                       AMBER L. ECK
15                                     AARON M. OLSEN
                                       225 Broadway, Suite 2050
16                                     San Diego, CA  92101
                                       Telephone:  619/342-8000
17                                     619/342-7878 (fax)

18                                     Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system.  I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 9, 2016.

s/ Jason A. Forge
JASON A. FORGE

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      jforge@rgrdlaw.com

1150335_1

3:13-cv-02519-GPC-WVG