**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ALONZO WICKERS IV (State Bar No. 169454)
  alonzowickers@dwt.com
DAN LAIDMAN (State Bar No. 274482)
  danlaidman@dwt.com
DIANA PALACIOS (State Bar No. 290923)
  dianapalacios@dwt.com

Attorneys for Media Intervenors
CABLE NEWS NETWORK, INC. ("CNN");
CBS BROADCASTING INC.; CBS
INTERACTIVE INC.; TRIBUNE PUBLISHING
COMPANY; NBCUNIVERSAL MEDIA, LLC;
ABC, INC.; THE NEW YORK TIMES
COMPANY; and WP COMPANY LLC D/B/A
THE WASHINGTON POST

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>DONALD J. TRUMP,<br><br>Defendant. | Case No. **3:13-cv-02519-GPC-WVG**<br><br>**NOTICE OF MOTION AND MOTION OF MEDIA INTERVENORS TO INTERVENE AND FOR AN ORDER MODIFYING STIPULATED PROTECTIVE ORDER**<br><br>Judge:     Hon. Gonzalo P. Curiel<br>Date:       June 30, 2016<br>Courtroom: 2D<br>Time:       1:30 p.m.<br><br>[Memorandum of Points and Authorities, and Declaration of Diana Palacios with Exhibits A-E Filed Concurrently] |

NOTICE OF MOTION AND MOTION TO INTERVENE &
TO MODIFY STIPULATED PROTECTIVE ORDER
DWT 29442403v3 0026517-000166

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 30, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the above-referenced Court, located at 221 West Broadway, San Diego, CA 92101, Courtroom 2D, non-party press organizations Cable News Network, Inc. ("CNN"); CBS Broadcasting Inc.; CBS Interactive Inc.; Tribune Publishing Company; NBCUniversal Media, LLC; ABC, Inc.; The New York Times Company; and WP Company LLC d/b/a The Washington Post (collectively, the "Media Intervenors") will and hereby do move to intervene in this matter for the limited purpose of modifying the stipulated First Amended Protective Order to remove the confidentiality designations to portions of the videotaped depositions of defendant Donald J. Trump taken on December 10, 2015, and January 21, 2016 ("Trump Depositions"), to permit the public filing and dissemination of the complete transcripts and videotapes of these depositions.

This Motion is made on the following grounds:

1. The press has standing to assert the public's – and its own – right of access to court records and proceedings. See Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 n.25 (1982) ("representatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion"). See Memorandum, Section II. As the Ninth Circuit has held, non-parties must be permitted to intervene for the purpose of challenging limitations on the right of access, including protective orders governing the disclosure of discovery materials. See Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) (allowing non-party to intervene to challenge protective order); see also EEOC v. National Children's Center, Inc., 146 F.3d 1042, 1046 (D.C. Cir. 1998) (federal rules permit third parties to intervene "for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order") (emphasis added).

1      2.    Under Federal Rule of Civil Procedure 26(c), discovery materials exchanged between the parties, including depositions, are presumptively public; when challenged, a party opposing public disclosure is required to show "good cause" by presenting specific facts that justify keeping particular materials confidential.  See San Jose Mercury News, Inc. v. United States District Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  Defendant has not, and cannot, meet his burden under Rule 26(c) to keep the designated portions of the Trump Depositions confidential.  See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted").  See Memorandum, Sections III, IV.A-B.

    3.    There is substantial public interest in this litigation given the subject matter of the case and Defendant's status as the presumptive Republican presidential nominee.  See Memorandum, Section IV.C.  Therefore the balancing of public and private interests favors removing the confidentiality designations to allow for the disclosure of the complete Trump Depositions.  See In re Roman Catholic Archbishop, 661 F.3d at 425 n.5 (In evaluating whether a party has shown good cause for a protective order, courts consider "whether a party benefitting from the order of confidentiality is a public entity or official," and "whether the case involves issues important to the public."); Welsh v. City & County of San Francisco, 887 F. Supp. 1293, 1299-1302 (N.D. Cal. 1995).

///

///

///

2

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Diana Palacios with Exhibits A-E; on all pleadings, records, and files in this case; on all matters of which judicial notice may be taken; and on such argument as may be presented at any hearing on this Motion.

DATED: June 10, 2016

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ALONZO WICKERS IV
DAN LAIDMAN
DIANA PALACIOS

By:    /s/ Kelli L. Sager
        Kelli L. Sager

Attorneys for Media Intervenors
CABLE NEWS NETWORK, INC. ("CNN"); CBS BROADCASTING INC.; CBS INTERACTIVE INC.; TRIBUNE PUBLISHING COMPANY; ABC, INC.; NBCUNIVERSAL MEDIA, LLC; THE NEW YORK TIMES COMPANY; and WP COMPANY LLC D/B/A THE WASHINGTON POST

3
NOTICE OF MOTION AND MOTION TO INTERVENE & TO MODIFY STIPULATED PROTECTIVE ORDER
DWT 29442403v3 0026517-000166