1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  DAVID L. KIRMAN (S.B. #235175)
   dkirman@omm.com
3  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars
4  Los Angeles, California  90067-6035
   Telephone:  (310) 553-6700
5  Facsimile:   (310) 246-6779

6  JILL A. MARTIN (S.B. #245626)
   jmartin@trumpmational.com
7  TRUMP NATIONAL GOLF CLUB
   One Trump National Drive
8  Rancho Palos Verdes, CA 90275
   Telephone: (310) 202-3225
9  Facsimile: (310) 265-5522

10 Attorneys for Defendant

11 DONALD J. TRUMP

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                         Plaintiffs,<br><br>       v.<br><br>DONALD J. TRUMP,<br><br>                         Defendant. | Case No.  13-CV-2519-GPC(WVG)<br><br>**CLASS ACTION**<br><br>**OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO ALLOW NON-ELECTRONIC FILING OF ELECTRONIC EXHIBITS** |

Plaintiff's *ex parte* application seeks leave from this Court to file video exhibits that are unnecessary, irrelevant, and unjustified.  In fact, while plaintiff dedicates a majority of his *ex parte* application to explaining why he believes he complied with this Court's e-filing rules when he submitted the video exhibits (as described below, he is wrong), plaintiff dedicates only a few sentences to justify the need for the proffered video exhibits, which are irrelevant to the pending motions. Two of the three video exhibits are duplicative of transcripts plaintiff already filed as documents to support his oppositions, *see* Dkt. 220, Exs. D (excerpts of Mr. Trump's deposition transcript), L (transcript of a short promotional video created by TU's marketing department).[1]  The third, a video of a former TU instructor presumably promoting his new online business, is unrelated to TU and therefore irrelevant.  In fact, plaintiff offers no legitimate reason for seeking submission of these videos, which are clearly intended only to prejudice Mr. Trump.  Equally disingenuous are plaintiff's counsel's reasons for disregarding the Local Rules by submitting the video files without leave of Court.  Any of these reasons warrant denying the *ex parte* application.

### I.   Plaintiff offers no legitimate reason for the duplicative video exhibits.

In his opposition to defendant's motion for summary judgment, plaintiff submitted written excerpts of Mr. Trump's deposition.  Plaintiff's *ex parte* application seeks leave to file duplicate video excerpts because "video (and audio) capture, and reflect, aspects of a witness's testimony that a paper transcript cannot." Dkt. 230 at 3.  The parties have filed countless critical motions and pleadings in this case and in the *Low* matter—including motions to dismiss, motions for summary judgment, certification, and decertification, as well as appellate briefing—yet have

---

[1] Defendant filmed this video in 2005, when TU was an online educational platform that employed only a handful of instructors.  The video was also included in a DVD and audio CD compilation that TU sold as the "Wealth Builder's Blueprint." *See* Dkt. 180, Ex. 45.  The video was not originally created for marketing TU live events.

1. *never* submitted video transcripts of any deposition.  Plaintiff's sole justification for doing so here is his assertion that the video of Mr. Trump's deposition contains "many spontaneous and *ad hominem* remarks that are not reflected in the paper transcript."  *Id.*  Plaintiff's purported reason for offering the video as an exhibit is wholly insufficient given that a witness's credibility is *irrelevant* at summary judgment.  *See Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1042–43 (9th Cir. 2011) ("The credibility of witnesses is almost categorically a trial issue."); *see also Bauer Bros. LLC v. Nike, Inc.*, 598 F. App'x 506, 507 (9th Cir. 2015) ("Nike's arguments regarding Luke Bauer's credibility are appropriately addressed at trial, not on summary judgment."); *Lai Yoong Low v. Tian Yu Inc.*, 2015 WL 1061500, at *9 (S.D.N.Y. Mar. 11, 2015) ("[T]he credibility of witnesses is not appropriately resolved on a motion for summary judgment.").  Plaintiff's request to use video transcripts is an obvious attempt to prejudice Mr. Trump.  The Court should deny leave on this basis alone.

The other two video files plaintiff seeks leave to file are similarly irrelevant to the pending motions.  Exhibit M is a video of a former TU instructor promoting what appears to be his new business—one called "Webaforce" that has nothing to do with the pending motions or this case.  In fact, plaintiff does not even attempt to justify the video's relevance, noting only that "Exhibit M is a video of Trump University's top 'instructor,' James Harris."  Dkt. 230, at 3.  This again, is just another credibility attack by plaintiff's counsel.  The Court should deny plaintiff leave to file Exhibit M given his failure to articulate any relevant reason the video should be admitted.

Plaintiff similarly fails to provide any justification for seeking to submit a video of the promotional video (Exhibit L).  Plaintiff contends there is "not a more important exhibit in this case," but fails to explain how the video is necessary in light of plaintiff's submission of a verbatim written transcript.  Dkt. 220-7 at 271 (transcript of video).  Indeed, given that defendant filmed this video years before a

TU live event, it has minimal, if any, relevance at all. In any event, as with the deposition transcript, there is no added relevance or value in submitting a video that has already been transcribed as an exhibit *and* block quoted in the body of plaintiff's brief in opposition to summary judgment. *See* Dkt. 220 at 4-5. It is undisputed that the sole relevance of the promotional video is its inclusion of the alleged misrepresentations; this is not a case where events only visible on camera make the visual elements of the video independently relevant to the Court's analysis of the pending motions. And the content of the *speech* in the video is just as easily presented—in fact, more so—in the transcription already provided in plaintiff's brief.

If the parties were to follow plaintiff's suggested practice of providing duplicative videos with their briefs, the Court would have to review those videos and defendant would need to lodge numerous video excerpts with the Court to support his pending motions, including, for example, the video depositions of Tarla Makaeff, Sonny Low, Amy H., and other deponents whose testimony supports defendant's positions and whose credibility could be called into question based on their demeanor in the video. Defendant has not done so, of course, because—like Mr. Trump's deposition and the promotional video—the relevance of these videos is limited to what they *say*, not what they *show*. As a result, admission of these exhibits could necessitate defendant to respond in kind with similar videos, all of which will result in many inefficiencies and will make the record unnecessarily unmanageable. Given plaintiff's failure to offer a legitimate basis for these videos, Defendant respectfully requests that the Court deny plaintiff's *ex parte* application.

## II. Plaintiff's failure to comply with the e-filing rules of this Court provides an additional basis to deny the *ex parte* application.

As the Court observed in its order rejecting plaintiff's submission, the parties have consistently sought leave before filing video exhibits both in this case and in the *Low* matter. Dkt. 220; *see also* Dkt. 35; *Low* Dkts. 118, 135, 299. Plaintiff's

counsel knew this too: at 5:45 p.m. on the night the parties were filing numerous briefs (June 3, 2016), plaintiff's counsel asked defense counsel whether they were willing to file a joint motion requesting the Court's permission to file the video exhibits. Defense counsel declined. Rather than file a motion seeking the Court's permission, plaintiff's counsel lodged the videos with the Court in violation of the Local Rules[2] and Section 2.k of the District's E-filing Manual.[3] Plaintiff's failure to comply with the local rules provide an additional basis to deny his *ex parte* application. *See* S.D. Cal. L.R. 83.1 (failure of counsel to comply with the Local Rules "may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court"); *Rush v. Islands Restaurants, LP*, 2012 WL 4849016, at *1 (S.D. Cal. Oct. 11, 2012) ("The Court can properly strike documents filed in violation of local rules."); *see also Webb v. City & Cnty. of San Francisco*, 2011 WL 6151605, at *1 (N.D. Cal. Dec. 12, 2011) (striking filing based on noncompliance with the Local Rules); *Sial v. Prof'l Collection Consultants*, 2008 WL 2415037, at *3 (C.D. Cal. June 12, 2008) (denying requested relief for failing to comply with Local Rules).

---

[2] The Local Rules clearly provide that all documents (including exhibits), must be formatted and paginated consistent with Local Rule 5.1. *See* S.D. Cal. L.R. 5.1(a). "Unless a waiver is *first obtained from the court*, the clerk must not file any document which does not comply with the requirements of these rules. Said document will be endorsed 'lodged' until approved by the court." S.D. Cal. L.R. 5.1(f) (emphasis added).

[3] Section 2.k of the Manual provides, "A party may seek leave of the court to allow the non-electronic filing of exhibits when they are not convertible to electronic form." Plaintiff contents that "he did not fail to comply with this section because it does not apply to Exhibits D, L, and M," which are electronic video files and therefore not exhibits "not convertible to electronic form." Dkt. 230 at 1–2. Specifically, plaintiff asserts that "Section 2.k. of the Manual could have easily required leave of Court for filing all non-pdf exhibits, but it does not." *Id.* at 2. Plaintiff is wrong. Section 1.d of the Manual clearly requires .pdf files to be uploaded for any and every "electronic filing." Under this definition, plaintiff's video exhibits are "not convertible" to the only "electronic form" the Southern District permits for electronic filings. *See* Manual §§ 1.d, 2.k.

| | | |
|---|---|---|
| 1 | Dated:  June 13, 2016 | O'MELVENY & MYERS LLP |
| 2 | | DANIEL M. PETROCELLI |
| | | DAVID L. KIRMAN |

By:  /s/Daniel M. Petrocelli

Attorneys for Defendant
DONALD J. TRUMP

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2016, I caused the foregoing to be electronically filed with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 13, 2016, at Los Angeles, California

      /s/Daniel M. Petrocelli
      DANIEL M. PETROCELLI