ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN (111070)
patc@rgrdlaw.com
X. JAY ALVAREZ (134781)
jaya@rgrdlaw.com
JASON A. FORGE (181542)
jforge@rgrdlaw.com
RACHEL L. JENSEN (211456)
rjensen@rgrdlaw.com
DANIEL J. PFEFFERBAUM (248631)
dpfefferbaum@rgrdlaw.com
BRIAN E. COCHRAN (286202)
bcochran@rgrdlaw.com
JEFFREY J. STEIN (265268)
jstein@rgrdlaw.com
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK (177882)
ambere@zhlaw.com
AARON M. OLSEN (259923)
aarono@zhlaw.com
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>       vs.<br><br>DONALD J. TRUMP,<br><br>                              Defendant. | No. 3:13-cv-02519-GPC-WVG<br><br><u>CLASS ACTION</u><br><br>REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO ALLOW THE NON-ELECTRONIC FILING OF ELECTRONIC EXHIBITS<br><br>DATE:   *Ex Parte*<br>TIME:   *Ex Parte*<br>CTRM:   2D<br>JUDGE:   Hon. Gonzalo P. Curiel |

1    Defendant Donald J. Trump contends that seeing and hearing his own testimony
2    in this case would "prejudice Mr. Trump." Dkt. 235 at 1.  It would.  By further
3    demonstrating the baselessness of Trump's motion for summary judgment.  This is
4    precisely the type of "prejudice" our adversarial system demands, rather than
5    proscribes:

> Parties always introduce evidence that will do damage to the other side's
> case; that's the very point of a trial.  That evidence may decimate an
> opponent's case is no ground for its exclusion under 403.  The rule
> excludes only evidence where the prejudice is "unfair" – that is, based
> on something *other* than its persuasive weight.

9    *United States v. Cruz-Garcia*, 344 F.3d 951, 956 (9th Cir. 2003) (emphasis in
10   original).

11   Trump does not allege, let alone attempt to establish, any ***unfair*** prejudice from
12   seeing and hearing his own testimony in this case.  He may think anything that does
13   not go his way is unfair, but that is clearly not the legal definition of unfair prejudice.
14   This is why Trump fails to identify a single rule of evidence that proscribes the
15   electronic evidence of his testimony:  there is none.

16   Instead, Trump merely asserts that summary judgment should not be used for
17   credibility determinations (Dkt. 235 at 2), but plaintiff is not using this electronic
18   evidence to discredit Trump's testimony.  Just the opposite.  By filing a motion replete
19   with arguments that contradict his own testimony, Trump is implicitly asking the
20   Court to disregard his testimony.  Seeing and hearing this testimony will make that
21   impossible because doing so would allow the Court to confirm that Trump was fully
22   engaged in the deposition; he was not rushed into giving answers; he was not shouted
23   down; and he was not glib, but rather unhappy about the admissions he had no choice
24   but to make.  These are all matters that a paper transcript cannot reflect.

25   Similarly, seeing and hearing the Main Promotional Video (the "MPV," Dkt.
26   220-1, Ex. L), will allow the Court to confirm Trump's emphasis on the words, "and
27   these are all people that are handpicked by me," which should make it impossible for
28   Trump to use his motion to run away from this representation.  *See, e.g.*, Dkt. 180-1 at

20 ("nothing in the advertising materials cited by plaintiffs indicates Defendant represented his ***personal*** involvement in hiring decisions") (emphasis in original). Contrary to Trump's opposition (Dkt. 235 at 1 n.1), he watched the MPV in its entirety during his deposition and confirmed that he shot it in order to influence students to enroll in Trump University ("TU"). Dkt. 227-1 at 3, DJT VOL3 CLIP04.mpg. He did not testify that the MPV was some sort of never-before-seen re-cut video with which he was unfamiliar. Regardless of when the raw footage was originally filmed, Trump confirmed that the MPV itself, which was only used to promote TU's Live Events, was something he intended to influence students to enroll in TU.

The bottom line here is that the creation of the ECF system[1] did not alter the Federal Rules of Evidence, and there is no evidentiary basis to exclude plaintiff's electronic evidence, which directly relates to, and refutes, Trump's summary judgment motion. As such, Trump has no legitimate basis to object to its submission. Moreover, the evidence itself should be made part of the record so that it may be preserved in the event of a later appeal: "In reviewing a summary judgment, 'we are limited to the . . . evidence available to the court at the time the motion was made.'" *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (quoting *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1121 (9th Cir. 1994)). Whether the Court finds this evidence compelling is a decision for a later date, but plaintiff deserves the opportunity to decide how best to oppose Trump's motions.

Accordingly, plaintiff continues to respectfully request leave to file Exhibits D, L, and M to the Forge Declaration (Dkt. 220-1), via thumb drive, as part of plaintiff's

---

[1] Trump's reference to Section 1.d of the Manual (Dkt. 235 at 4 n.3), does nothing to advance the argument that plaintiff's submission of non-pdf electronic evidence required leave of Court. Section 1.d simply provides the definition for the phrase "Electronic Filing"; it does not define the phrase "electronic form," as used in Section 2.k of the Manual, so there remains no reason to believe that phrase is limited to pdf files.

1 | oppositions to Trump's motion for summary judgment, as well as Trump's motions to
2 | exclude plaintiff's experts' testimony.
3 | DATED:  June 13, 2016

ROBBINS GELLER RUDMAN
& DOWD LLP
PATRICK J. COUGHLIN
X. JAY ALVAREZ
JASON A. FORGE
RACHEL L. JENSEN
DANIEL J. PFEFFERBAUM
BRIAN E. COCHRAN
JEFFREY J. STEIN

s/ Jason A. Forge
_____
JASON A. FORGE

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ZELDES HAEGGQUIST & ECK, LLP
AMBER L. ECK
AARON M. OLSEN
225 Broadway, Suite 2050
San Diego, CA  92101
Telephone:  619/342-8000
619/342-7878 (fax)

Class Counsel

1

<u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on June 13, 2016, I authorized the electronic filing of the

3 foregoing with the Clerk of the Court using the CM/ECF system.  I certify under

4 penalty of perjury under the laws of the United States of America that the foregoing is

5 true and correct.  Executed on June 13, 2016.

6                                                                    s/ Jason A. Forge
                                                                JASON A. FORGE

7
                                                                ROBBINS GELLER RUDMAN
8                                                                    & DOWD LLP
                                                                655 West Broadway, Suite 1900
9                                                                San Diego, CA  92101-8498
                                                                Telephone:  619/231-1058
10                                                               619/231-7423 (fax)

11                                                               E-mail:      jforge@rgrdlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1155603_1

3:13-cv-02519-GPC-WVG