UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>                                                   Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>                                                   Defendant. | Case No.: 3:13-cv-2519-GPC-WVG<br><br>**ORDER DENYING LEELAND O. WHITE'S MOTION TO INTERVENE**<br><br>[ECF No. 287.] |

Before the Court is Leeland O. White's ("Intervenor's" or "White's") motion to intervene as of right, entitled "Amended *Ex Parte* Motion in Right to Intervene and to Object." (Dkt. No. 287.)  Defendants President Donald J. Trump and Trump University, LLC, (collectively, "Defendants") oppose. (Dkt. No. 291.)  Plaintiff and Class Representative Art Cohen ("Plaintiff") joins Defendants' opposition. (Dkt. No. 292.) White filed a reply. (Dkt. No. 297.)  The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Upon review of the moving papers and applicable law, and for the reasons set below, the Court **DENIES** White's Motion to Intervene.

/ / / /

/ / / /

**RELEVANT BACKGROUND**

The Court has previously recited the factual background in this case at length and will not reiterate it here. (*See, e.g.*, Dkt. No. 53, Order Granting Motion for Class Certification.) A brief review of relevant procedural background suffices.

On October 18, 2013, Plaintiff Art Cohen filed a Complaint on behalf of himself and all others similarly situated. (Dkt. No. 1, Compl.) Cohen filed a notice of related case, connecting his lawsuit with *Low v. Trump University LLC*, Case No. 3:10-cv-00940-GPC-WVG, which was filed on April 30, 2010. (Dkt. No. 3.) On February 21, 2014, the Court certified, in *Low*, a class of "[a]ll persons who purchased a Trump University three-day live 'Fulfillment' workshop and/or a 'Elite' program ('Live Events') in California, New York and Florida, and have not received a full refund." (*Low*, Dkt. No. 298 at 35.)[1] On October 27, 2014, the Court granted Plaintiff Cohen's motion to certify a class of "[a]ll persons who purchased Live Events from Trump University throughout the United States from January 1, 2007 to the present." (*Cohen*, Dkt. No. 53 at 22.)

On November 18, 2016, Plaintiffs in *Cohen* and *Low* executed a settlement agreement with Defendants, as well as with the New York State Attorney General. (Dkt. No. 279.) The Court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement on December 20, 2016. (Dkt. No. 282.) The Court set a Final Approval Hearing for March 30, 2017. (*Id.* at 9.)

On November 18, 2016, White, proceeding *pro se*, first attempted to file an *ex parte* motion to intervene by right.[2] (Dkt. No. 280.) The filing was rejected for failure to

---

[1] All citations to the record therein are based upon the pagination imprinted by the CM/ECF system.
[2] On November 28, 2016, White also filed an objection letter and motion to intervene in *Low*, entitled "*Ex Parte* Objection to Settlement Agreement Dismissing This Case on December 19, 2016 *Sua Sponte* and *Ex Parte* Motion to Intervene Pursuant to Rule 24 Fed. R. Civ. P." (Dkt. No. 582.) The filing was rejected for non-compliance with the Civil Local Rules. (*Id.*) Moreover, White is not a class member. In any event, his objection letter was filed before the Court preliminarily approved the settlement and set forth procedural requirements for objecting to the settlement. To the extent his rejected application to intervene is cognizable, it fails for the same reasons the instant motion to intervene fails.

comply with the Civil Local Rules. (*Id.*) White then attempted to file another motion to intervene on January 10, 2017. (Dkt. No. 284.) The filing was rejected, again, for non-compliance with the Civil Local Rules. (*Id.*)

White filed the instant Amended *Ex Parte* Motion in Right to Intervene and to Object, *nunc pro tunc* to January 19, 2017. (Dkt. No. 287.) On February 6, 2017, Defendants filed an opposition brief. (Dkt. No. 291.) Plaintiff joined Defendants' opposition. (Dkt. No. 292.) White filed a reply, *nunc pro tunc* to February 17, 2017. (Dkt. No. 297.)[3]

## DISCUSSION

White requests the Court to, *inter alia*, compel the Department of Justice to initiate a criminal investigation of Defendants; order the United States to hold a new election on terms satisfactory to him; deny the settlement agreement and conduct a jury trial, unless the amount offered in settlement awards treble damages to the class action plaintiffs, totaling at least $120 million; and delay the presidential inauguration. (Dkt. No. 287 at 1–9.)

White further alleges the existence of a conspiracy between Defendants, all counsel of record, this Court, and the Clerk of the Court. (*See, e.g.*, *id.* at 3–4, 9; Dkt. No. 297 at 3, 5.) In his reply, White, drawing on his perception of various current events and world history, extends the scope of his conspiratorial allegations to encompass topics as myriad as American politics, national and international security, religious ideology, warfare, and other geopolitical developments.

/ / / /

---

[3] White has repeatedly attempted to file motions entitled "Motion to Determine Possible Conspiracy Pursuant to Title 18 U.S.C. § 241 and If Such Offense May Be a High Crime or Misdemeanor," (Dkt. No. 290), "Leave of Court to File Motion to Determine Possible Conspiracy Pursuant to 18 U.S.C. § 241 and If Such Offense May Be a High Crime or Misdemeanor," (Dkt. No. 293), and "Amended Motion and Memoranda Concerning Conspiracy to Title 18 U.S.C. § 241 and to Declare Defendant Has Committed a High Crime or Misdemeanor," (Dkt. No. 300). White's filings were rejected for non-compliance with the Civil Local Rules, and on grounds that he is not a party to the case, a fact plainly evident from the instant motion to intervene. (*See* Dkt. Nos. 290, 293, 300.)

## I. Intervention as of Right

White cannot establish that he is entitled to intervene as of right. In relevant part, Federal Rule of Civil Procedure 24(a) provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). There are four requirements for intervention as of right: (1) timeliness; (2) an interest relating to property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the movant's ability to protect the interest; and (4) the movant's interest is not adequately represented by existing parties. *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996), *as amended on denial of reh'g* (May 30, 1996). The party seeking to intervene bears the burden of showing that all of the requirements for intervention are satisfied. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Failure to satisfy even one of these elements prohibits the applicant from intervening as of right. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997). In deciding a motion to intervene, courts need not take as true allegations that are a sham or frivolous. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).[4]

---

[4] Defendants did not address White's allegations of a conspiracy between President Trump, Trump University, Plaintiffs' and Defendants' counsel, this Court, and the Clerk of this Court. (Dkt. No. 291 at 2 n.1.) Defendants cite to a decision in which the Fifth Circuit affirmed the district court's Rule 11 sanction against White "for vexatious and frivolous litigation and for abusing the court system." *U.S. ex rel. White v. Apollo Grp., Inc.*, 223 F. App'x 401, 401 (5th Cir. 2007). The Court agrees with Defendants' observation that White's allegations of conspiracy are unsubstantiated, meritless, and implausible. *See Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Furthermore, the Court expresses concern with what appears to be a history of similar litigation. *See, e.g.*, *White v. Apollo Grp.*, 241 F. Supp. 2d 710 (W.D. Tex. 2003) (dismissing White's claims); *White v. Apollo Grp.*, 163 F. App'x 255 (5th Cir. 2005) (affirming district court's dismissal of White's claims); *White v. Apollo Grp., Inc.*, 549 U.S. 929 (2006) (denying White's petition for writ of certiorari); *White v. Apollo Grp., Inc.*, 549 U.S. 1091 (2006) (denying White's petition for rehearing regarding denial of petition for writ of certiorari).

### A. Significantly Protectable Interest

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). A prospective intervenor must demonstrate a significantly protectable interest in the lawsuit to merit intervention. *Northwest Forest Res. Council*, 82 F.3d at 837. "To demonstrate this interest, a prospective intervenor must establish that (1) the interest asserted is protectable under some law, and (2) there is a relationship between the legally protected interest and the claims at issue." *Id.* (internal citation, quotation marks, and alteration omitted). An applicant generally satisfies the "relationship" requirement only if the resolution of the plaintiff's claims actually will affect the applicant. *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

White does not articulate any significant protectable interest in the instant class actions.[5] Nor does he establish a relationship between any legally protected interest and the claims at issue in *Low* or *Cohen*. There is no indication that the settlement resolution of *Low* and *Cohen* actually affects White in any way, beyond implicating generalized grievances not cognizable in this Court. He has not purchased any of the products listed in the Court's class certification orders or engaged in any transactions based upon the alleged representations at issue in *Low* and *Cohen*. Indeed, his motion belies his lack of a significantly protectable interest.[6] (*See* Dkt. No. 287 at 4 (characterizing White as a "self

---

[5] To the extent White's motion to intervene objects to the settlement, despite the fact that White is not a class member, White's demand that the Court reject the settlement, unless the class action plaintiffs receive treble damages, is unfounded. As Defendants point out, the settlement terms contain no admission or finding of fault or liability on any claim, including the RICO claim. (Dkt. No. 291 at 6 n.2.) Moreover, class members can adequately raise such an objection regarding the sufficiency of recovery. In fact, such an objection (requesting treble damages) to the settlement is currently pending before the Court. (Dkt. No. 299.)

[6] To the extent White articulates a significantly protectable interest related to his claims for injunctive relief, the settlement of the instant class actions does not impair or impede White's ability to protect his interests. The injunctive relief that he seeks, including, *inter alia*, compelling a criminal investigation, holding another presidential election, and delaying the inauguration, has no relation to the claims and defenses in *Low* and *Cohen*. Though White argues he has a right, per *Leeke v. Timmerman*, 454 U.S. 83 (1981), to file criminal charges, the Supreme Court has held, to the contrary, that "a private citizen lacks

acclaimed activist").)  "[G]eneralized grievances brought by concerned citizens . . . are not cognizable in the federal courts."  *ASARCO Inc. v. Kadish*, 490 U.S. 605, 616 (1989); *see also People of State of Cal., ex rel., Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 782 (9th Cir. 1986) (denying motion to intervene for lack of a significantly protectable interest, where public officials alleged no interest "other than their general desire" to participate in the lawsuit, and where they failed to show how any decision would "directly affect [their] own duties and powers").  This Court is not the proper forum for White's complaints.[7]

White's failure to carry his burden to meet this threshold requirement is fatal to his motion to intervene as of right.[8]  *See League of United Latin Am. Citizens*, 131 F.3d at 1302.  His motion to intervene as of right is accordingly **DENIED**.

---

a judicially cognizable interest in the prosecution or non-prosecution of another."  454 U.S. at 86 (quoting *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.").  Further, injunctive relief is not available to private parties under the civil RICO statute.  *See Religious Tech. Ctr. v. Wollersheim*, 796 F.2d 1076, 1087–88 (9th Cir. 1986).

[7] Nor is White's suggestion that he has standing as a "whistleblower" under the False Claims Act, 31 U.S.C. § 3730(b)(1), availing.  He cannot overcome the plain language of the False Claims Act, which defines a "claim" as a "request or demand . . . for money or property" that "is presented to an officer, employee, or agent of the United States," or "made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest."  31 U.S.C. § 3729(b)(2).  *Low* and *Cohen* both involve sums of money paid by private citizens.  Further, White has provided no legal authority for the proposition that the False Claims Act authorizes intervention in objection to a settlement agreement.  He also has not shown, pursuant to 31 U.S.C. § 3730(e)(4)(A), that he is the "original source of the information" exposing the alleged conspiracies outlined in his motion, and he cannot show that he was the "original source of the information" that led to the filing of *Low* and *Cohen*.  Finally, White has not identified a statute authorizing him to bring an action on behalf of the United States.  *See, e.g.*, *United Seniors Ass'n, Inc. v. Philip Morris USA*, 500 F.3d 19, 23 (1st Cir. 2007) ("There presently is no common-law right to bring a *qui tam* action, which is strictly a creature of statute.").

[8] Having failed to show that he has a significantly protectable interest in *Low* or *Cohen*, White also has no means of showing that the existing parties have inadequately represented his interests.  Contrary to White's interpretation of the settlement terms, and contrary to White's belief that Plaintiff Cohen was "oppress[ed] into a deficient settlement," (Dkt. No. 297 at 9), the Court preliminarily found that the existing parties achieved a fair, adequate, and reasonable result for class members, and that the

## II. Permissive Intervention

Although White does not expressly seek permissive intervention, to the extent he does, he nonetheless fails to satisfy the requirements for permissive intervention. In relevant part, Federal Rule of Civil Procedure 24(b) provides:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b). In addition, the movant must show an independent basis for federal jurisdiction. *Northwest Forest Res. Council*, 82 F.3d at 839. "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly*, 159 F.3d at 412; *accord Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

### A. Commonality

First, even setting aside any infirmities in White's claims, White has not shown that his claims share any common question of law or fact with the claims in *Low* or *Cohen*. As discussed above, *supra* Part I.A, White, unlike the class action plaintiffs, has no factual connection with the transactions and alleged representations at issue in *Low* or *Cohen*. Further, his requests for injunctive relief share no commonality whatsoever with the claims and defenses in *Low* and *Cohen*.

### B. Timeliness

Second, White has not shown that his motion to intervene is timely. A timely motion is required for the granting of intervention, whether as a matter of right or permissively.[9] *Allen v. Bedolla*, 787 F.3d 1218, 1222 (9th Cir. 2015). "Timeliness is to be determined from all the circumstances . . . by the court in the exercise of its sound

---

settlement resulted from non-collusive, arm's-length negotiations overseen by the Honorable Jeffrey T. Miller, (*see* Dkt. No. 282).

[9] Accordingly, the Court's determination that White's motion is untimely serves as additional grounds for denying his motion to intervene as of right.

discretion." *National Ass'n for Advancement of Colored People v. New York*, 413 U.S. 345, 366 (1973). In determining whether a motion to intervene is timely, a court assesses "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Northwest Forest Res. Council*, 82 F.3d at 836.

First, the Court determines, pursuant to its discretion to "control proceedings before it," that White's motion "came too late in the proceedings." *United States v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004). "[A] party's seeking to intervene merely to attack or thwart a remedy rather than participate in the future administration of the remedy is disfavored." *Id.* (affirming denial of motion to intervene where movant sought to intervene "primarily to contest a possible award of damages" to plaintiff) (citing *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir.1990)). White seeks to attack or thwart the settlement by way of his motion to intervene. Indeed, he compares the settlement to a bribe and characterizes it as a "fraud upon the court," demands "treble damages or nothing," and requests that the settlement be vacated, pursuant to his belief that the settlement forecloses a criminal investigation of Defendants. (Dkt. No. 287 at 5–6, 8.)

Next, "prejudice to existing parties is the most important consideration in deciding whether a motion for intervention is untimely." *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (internal citation and quotation marks omitted). As the parties acknowledge, the proposed settlement is the product of years of vigorous litigation and arm's-length negotiation. (Dkt. No. 291 at 3, 6 n.1; Dkt. No. 292 at 2.) The Court concludes that allowing White to intervene would prejudice the existing parties significantly. *See Alisal*, 370 F.3d at 922 (observing that the Ninth Circuit "ha[s] affirmed the denial of motions to intervene in cases where granting intervention might have compromised long-litigated settlement agreements or delicate consent decrees"); *Allen*, 787 F.3d at 1222 (affirming denial of motion to intervene "because the motion was

filed after four years of ongoing litigation, on the eve of settlement, and threatened to prejudice settling parties by potentially derailing settlement talks").

Finally, White has not provided an adequate reason for his delay in bringing the instant motion to intervene. By his own admission, he believes that he "has had standing [to intervene] since the year 2005," and observes that "[t]his case is a very old case not to have the United States Attorneys [sic] Office intervene." (Dkt. No. 287 at 1, 14.) White has had notice of the pendency of the instant litigation since *Low* was filed in 2010, but has not provided any justification for his years-long delay in moving to intervene.

In sum, White has also failed to meet the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b). Accordingly, to the extent White seeks to intervene permissively, his motion is **DENIED**.

## CONCLUSION

For the foregoing reasons, White's motion to intervene is **DENIED.**

**IT IS SO ORDERED.**

Dated:  March 27, 2017

Hon. Gonzalo P. Curiel
United States District Judge