UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART COHEN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>　　　　　　　　　　　　　Defendant. | Case No.: 3:13-cv-02519-GPC-WVG<br><br>**ORDER DENYING LEELAND O. WHITE'S "AMENDED MOTION TO SET ASIDE JUDGMENT" AND "AMENDED MOTION TO VACATE SETTLEMENT AGREEMENT AND REVERSE DENIAL OF MOTION TO INTERVENE"**<br><br>**[ECF Nos. 311, 315.]** |

Before the Court are Leeland O. White's ("White's") "Amended Motion to Set Aside Judgment" and "Amended Motion to Vacate Settlement Agreement and Reverse Denial of Motion to Intervene." (Dkt. Nos. 311, 315.) Because White is not a party to the case, the Court, out of an abundance of caution, construes White's filings as a motion for reconsideration under Federal Rule of Civil Procedure 60(b) and a supplemental brief, respectively. Defendants President Trump and Trump University, LLC, ("Defendants") oppose. (Dkt. No. 319.) Plaintiff and Class Representative Art Cohen ("Plaintiff") joins Defendants' opposition. (Dkt. No. 320.) The Court finds the motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of

the moving papers and applicable law, and for the reasons set below, the Court **DENIES** White's motions and **VACATES** the hearing scheduled for July 14, 2017.

## RELEVANT BACKGROUND

The Court has previously recited the factual background in this case at length and will not reiterate it here. (*See, e.g.*, Dkt. No. 53, Order Granting Motion for Class Certification.) A brief review of relevant procedural background suffices.

On October 18, 2013, Plaintiff Art Cohen filed a Complaint on behalf of himself and all others similarly situated. (Dkt. No. 1, Compl.) Cohen filed a notice of related case, connecting his lawsuit with *Low v. Trump University LLC*, Case No. 3:10-cv-00940-GPC-WVG, which was filed on April 30, 2010. (Dkt. No. 3.) On February 21, 2014, the Court certified, in *Low*, a class of "[a]ll persons who purchased a Trump University three-day live 'Fulfillment' workshop and/or a 'Elite' program ('Live Events') in California, New York and Florida, and have not received a full refund." (*Low*, Dkt. No. 298 at 35.)[1] On October 27, 2014, the Court granted Plaintiff Cohen's motion to certify a class of "[a]ll persons who purchased Live Events from Trump University throughout the United States from January 1, 2007 to the present." (*Cohen*, Dkt. No. 53 at 22.)

On November 18, 2016, Plaintiffs in *Cohen* and *Low* executed a settlement agreement with Defendants, as well as with the New York State Attorney General. (Dkt. No. 279.) The Court granted the parties' Joint Motion for Preliminary Approval of Class Action Settlement on December 20, 2016. (Dkt. No. 282.) The Court set a final approval hearing for March 30, 2017. (*Id.* at 9.)

On November 18, 2016, White, proceeding *pro se*, first attempted to file an *ex parte* motion to intervene by right.[2] (Dkt. No. 280.) The filing was rejected for failure to

---

[1] All citations to the record therein are based upon the pagination imprinted by the CM/ECF system.
[2] On November 28, 2016, White also filed an objection letter and motion to intervene in *Low*, entitled "*Ex Parte* Objection to Settlement Agreement Dismissing This Case on December 19, 2016 *Sua Sponte* and *Ex Parte* Motion to Intervene Pursuant to Rule 24 Fed. R. Civ. P." (Dkt. No. 582.) The filing was rejected for non-compliance with the Civil Local Rules. (*Id.*) Moreover, White is not a class member.

comply with the Civil Local Rules.  (*Id.*)  White then attempted to file another motion to intervene on January 10, 2017.  (Dkt. No. 284.)  The filing was rejected, again, for non-compliance with the Civil Local Rules.[3]  (*Id.*)

White filed an "Amended *Ex Parte* Motion in Right to Intervene and to Object," *nunc pro tunc* to January 19, 2017.  (Dkt. No. 287.)  On February 6, 2017, Defendants filed an opposition brief.  (Dkt. No. 291.)  Plaintiff joined Defendants' opposition.  (Dkt. No. 292.)  White filed a reply, *nunc pro tunc* to February 17, 2017.  (Dkt. No. 297.)[4]  On March 23, 2017, the Court entered an Order denying White's motion to intervene.  (Dkt. No. 303.)

The Court held a final approval hearing on March 30, 2017.  (*Low*, Dkt. No. 617; *Cohen*, Dkt. No. 304.)  On March 31, 2017, the Court granted the Parties' joint motion for final approval of the Settlement and granted Plaintiffs' motion for approval of class representative awards.  (*Low*, Dkt. No. 618; *Cohen*, Dkt. No. 305.)  Final judgment was entered on the same day.  (*Low*, Dkt. No. 619; *Cohen*, Dkt. No. 306.)

White filed the instant motion for reconsideration on May 3, 2017.  (Dkt. No. 311.)  He subsequently filed a supplemental brief on May 22, 2017.  (Dkt. No. 315.)  Defendants filed a response in opposition on May 25, 2017, and Plaintiff filed a Notice of

---

In any event, his objection letter was filed before the Court preliminarily approved the settlement and set forth procedural requirements for objecting to the settlement.  To the extent his rejected application to intervene is cognizable, it fails for the same reasons his accepted motion to intervene failed.

[3] White objects to the Court's rejection of his filings for noncompliance with the Civil Local Rules.  However, "[t]he district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002).  Moreover, White's objections do not cure the legal deficiencies in his motions.

[4] White has repeatedly attempted to file motions entitled "Motion to Determine Possible Conspiracy Pursuant to Title 18 U.S.C. § 241 and If Such Offense May Be a High Crime or Misdemeanor," (Dkt. No. 290), "Leave of Court to File Motion to Determine Possible Conspiracy Pursuant to 18 U.S.C. § 241 and If Such Offense May Be a High Crime or Misdemeanor," (Dkt. No. 293), and "Amended Motion and Memoranda Concerning Conspiracy to Title 18 U.S.C. § 241 and to Declare Defendant Has Committed a High Crime or Misdemeanor," (Dkt. No. 300).  White's filings were rejected for noncompliance with the Civil Local Rules, and on grounds that he is not a party to the case, a fact plainly evident from his failed attempts to intervene.  (*See* Dkt. Nos. 290, 293, 300.)

Joinder to Defendants' response.  (Dkt. Nos. 319, 320.)  White filed a reply, *nunc pro tunc* to June 16, 2017.  (Dkt. No. 328.)

## LEGAL STANDARD

A district court may reconsider a judgment under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b).[5]  *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b); *see also Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263 (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)).  A "party seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

In addition, Local Civil Rule 7.1(i)(1) provides that a motion for reconsideration must include an affidavit or certified statement of a party or attorney

> setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new and different facts and circumstances are claimed to exist which did not exist, or were not shown upon such prior application.

Local Civ. R. 7.1(i)(1).[6]

---

[5] White contends that he is entitled to reconsideration under both Rule 59(e) and 60(b).  However, White's Rule 59(e) motion is time-barred because it was filed more than twenty-eight days after entry of judgment.  Even if White's Rule 59(e) motion were timely, it nonetheless fails on the merits.  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).  White's motion presents none of the above.

[6] White has not complied with Local Rule 7.1(i)(1).

The Court has discretion in granting or denying a motion for reconsideration. *Fuller*, 950 F.2d at 1441. Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *United States v. Rivercliff Farm, Inc.*, No. 3:16-CV-1248-SI, 2016 WL 6662696, at *1 (D. Or. Nov. 10, 2016) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "[W]here the motion for reconsideration raises no new arguments, but instead relies on the same arguments made in the party's original opposition, the motion for reconsideration should be denied." *United States v. Goo*, No. 00-00540, 2002 WL 1760850, at *1 (D. Haw. June 3, 2002); *see also Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1032 (N.D. Cal. 1994); *Fuller*, 950 F.2d at 1442; *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through—rightly or wrongly.'" *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## DISCUSSION

White moves the Court to (1) reconsider its Order denying his motion to intervene, (Dkt. No. 315 at 13), and to (2) vacate the settlement agreement and continue the matter to jury trial, (Dkt. No. 311 at 8–9). White's contentions are meritless.[7]

**A. Reconsideration of Denial of White's Motion to Intervene**

White fails to show that he is entitled to reconsideration on any of the grounds enumerated in Rule 60(b). *See* Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J, Multnomah Cty., Or.*, 5 F.3d at 1263. He merely reiterates arguments the Court previously considered and rejected when denying his motion to intervene.[8] (*Compare* Dkt. Nos. 311, 315 *with* Dkt.

---

[7] White also supplies numerous unsubstantiated and irrelevant allegations, including, *inter alia*, criminal activity by Defendants, conspiracy by the government and all parties' counsel, and obstruction of justice by the Court and the Clerk of this Court. The Court declines to address these irrelevant allegations.

[8] To the extent any of White's arguments are "new" arguments, White waived such arguments by failing to timely raise them in his original motion to intervene. *See, e.g.*, *Johnson v. CFS II, Inc.*, 628 F. App'x 505 (9th Cir. 2016) ("The district court correctly found that CFS's Rule 60(b)(6) motion was untimely

No. 287.) White's rehashed arguments do not merit reconsideration.[9] *See White v. Square, Inc.*, 2016 WL 6647927, at *2 (N.D. Cal. 2016) ("A party seeking reconsideration under Rule 59 and Rule 60 must do more than rehash arguments or recapitulate cases already considered by the court."); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) ("[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." (internal citation omitted)).

White admits that his "sole purpose" for attempting to intervene is to "compell [sic] the United States" to launch a criminal investigation of Defendants. (Dkt. No. 311 at 9.) At bottom, White's concerns bear no relation to the operative legal issues in *Low* and *Cohen*. White's stated purpose for seeking intervention does not allow him to intervene as of right or permissively, much less entitle him to the extraordinary remedy of reconsideration.

### B. Motion to Vacate Judgment

A nonparty to the litigation has standing to file a motion to vacate judgment "only in exceptional circumstances when: (1) the party participated in the proceedings below; and (2) the equities favor hearing the appeal." *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1441 (9th Cir. 1987); *see also Padilla v. Willner*, No. 15-CV-04866-JST, 2016 WL 860948, at *9 (N.D. Cal. Mar. 7, 2016).

---

and that the previously unraised arguments were waived."); *accord Figy v. Amy's Kitchen, Inc.*, 2014 WL 3362178, at *3 (N.D. Cal. 2014) ("A Rule 59(e) or Rule 60(b) motion cannot be used to . . . raise new arguments that could have previously been presented prior to the entry of judgment.").

[9] In any event, White's arguments lack merit. White asserts that 18 U.S.C. § 1962 and *Leeke v. Timmerman*, 454 U.S. 83 (1981), provide him with an unconditional right to intervene under Rule 24(a)(1). White's reading of the law is in error. 18 U.S.C. § 1962, a section of the criminal RICO statute, does not provide White an unconditional right to intervene. Nor does *Leeke* provide such an unconditional right to intervene—to the contrary, "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Leeke*, 454 U.S. at 86 (quoting *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973)). White also asserts that he was not served the Notice of Joinder by Plaintiff in objection to his motion to intervene. White's contention that Plaintiff's failure to serve him warrants reversal of the denial of his motion to intervene lacks any support in the law. Moreover, the record reflects that Plaintiff did in fact serve White. (*See* Dkt. No. 292 at 4.)

White fails to establish "exceptional circumstances" under either prong. First, White did not participate in the proceedings in this matter. White's participation is limited to his filing of an unsuccessful motion to intervene. Simply filing a motion to intervene does not grant nonparties standing to challenge a final judgment. *See S. California Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002); *Padilla*, 2016 WL 860948, at *9. Second, the equities do not favor allowing White to challenge the judgment, as White's interests fall far outside of the scope of the legal issues in *Low* or *Cohen*.[10] *C.f. Herring v. F.D.I.C.*, 82 F.3d 282, 285 (9th Cir. 1995) ("A party with no interest in the litigation generally has no standing.").

## CONCLUSION

For the foregoing reasons, the Court **DENIES** White's "Amended Motion to Set Aside Judgment" and "Amended Motion to Vacate Settlement Agreement and Reverse Denial of Motion to Intervene." (Dkt. Nos. 311, 315.) The hearing scheduled for July 14, 2017 is **VACATED**.

**IT IS SO ORDERED.**

Dated:  June 27, 2017

Hon. Gonzalo P. Curiel
United States District Judge

---

[10] White's assertion that Federal Rule of Civil Procedure 68 divested the Court of jurisdiction in *Low* is unsubstantiated and meritless.