LEELAND O. WHITE
815 La Cruz
El Paso, Texas 79902
Telephone: (915) 226-9437
leelandwhite2001@gmail.com
*Petitioner for Intervention*



**FILED**
Jul 14 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY         s/ AKR         DEPUTY

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO, CALIFORNIA

| | |
|---|---|
| ART COHEN *on behalf of themselves and all others similarly situated*<br>*Plaintiff*<br><br>V.<br><br>DONALD J. TRUMP and<br>TRUMP UNIVERSITY, LLC<br>*Defendants* | **3:13-CV-02519 GPC-WVG**<br><br>**NOTICE OF APPEAL**<br><br>Date: July 14, 2017<br>Time: 1:30 P.M.<br>Ctrm: 2D<br>Judge Hon. Gonzalo P. Curiel |

## NOTICE OF APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS

Leeland O White, gives Notice of Appeal to the Ninth Circuit Court of Appeals on this day July 14, 2017. Based on Document [330], of June 27, 2017 the Notice of Appeal is timely filed.

## INDICTABLE, IMPEACHABLE CRIMINAL OFFENSE OF DEFENDANT AND CANON #3, 18 USC § 2071(b) VIOLATION OF COURT CLERKS, CONSPIRING UNLAWFULLY WITH DEFENDANT TRUMP

The Courts clerks in the unauthorized practice of law has refused to file documents stating that the Movant, Leeland O. White is not a party, and

thus to wit has Obstructed Justice as well. Try to find for instance the docketing of the Ex Parte Motion to Intervene filed November 17, 2016. The clerks clearly know that they must file all documents under Rule 6(b)(4) Fed. R. Civ. P. The paperwork filed by the clerk in the court only applies to Rule 6(b)(3) Fed. R. Civ. P., electronic filers, such as the Defendant, not the Petitioner to Intervene.

All parties in the Court know, including the court clerks and Judge of this Court, that the settlement agreement is a falsification and concealment, 18 USC § 2071(b) by Defendant Trump and Counsel as announced on November 18, 2016. In addition, it is a criminal conspiracy of the Courts clerks, under 18 USC § 241, of which the Court was already apprised of Rule 68 Fed. R. Civ. P., and now has committed a criminal act knowing that the Court has no jurisdiction.

## STATUTE OF LIMITATIONS DENIES COURT JURISDICTION

Intervention is based on Rule 24(a)(1) Fed. R. Civ. P., and Rule 68 Fed. R. Civ. P. (14 day rule), which effected the Statute of Limitations of the Trump University, LLC settlement on November 10, 2016 based on Docket [502] Low v. Trump scheduled Jury Trial date of November 28, 2016. In addressing the Denial of Petitioners Motion to Intervene, the Court Must address the two questions so presented.

## QUESTIONS PRESENTED

The Intervenor, Leeland O. White giving Judicial Notice apprised the Court that on November 10, 2016 under Rule 68 Fed. R. Civ. P.[14 day rule],

based on docket [502] Low v. Trump, being the Scheduled Jury Trial date of November 28, 2016, that the Settlement Date of November 18, 2016 was untimely. Under the Jurisdictional and Sua Sponte duties of a Federal District Court Judge and entertaining jurisdiction,

1. Is the Settlement Agreement barred by the Statute of Limitations under Rule 68 Fed. R. Civ. P., and if so, the Court having no jurisdiction, does the Court further have jurisdiction to deny intervention by Leeland O. White?

2. Did Judge Gonzalo Curiel abuse its discretion, by not Sua Sponte Dismissing the Settlement Agreement, based on lack of jurisdiction, under Rule 68 Fed. R. Civ. P., when the Court Clerks and all the Court knew that the Court had no jurisdiction to enter into a Settlement Agreement on November 18, 2016?

Respectfully submitted,

*[signature]*

Leeland O. White

Certificate of Service: This Notice of Appeal were hand delivered to the Federal District Court in San Diego California, and via e-mail to all other parties listed in the table, on this day, July 14, 2017.

## EXHIBIT 1 - MATERIAL DOCKET EVIDENCE
## TO DENY DEFENDANDS SETTLEMENT AGREEMENT
## AS UNTIMELY

This Order Effected the Rule 68 Fed. R. Civ. P, 14 day limit counting backwards on November 28, 2016 commencing November 27, 2016. The last day is November 13, 2016, but this is a Sunday and must extend to the next business day. The next business day is November 10, 2016. November 11, 2016 is Veterans Days. See Rule 6(a)(5) Fed. R. Civ. P., in which an extension is a substraction backwards.

| 502 | Filed & Entered: 08/02/2016 | Scheduling Order |
|---|---|---|
| | Docket Text: JURY TRIAL PREPARATION AND SCHEDULING ORDER: The Court sets the jury/bench trial for the class representatives on the issue of liability for November 28, 2016 at 9:00 a.m. The Court sets a hearing on motions in limine for November 10, 2016, at 1:30 p.m. All motions in limine must be filed and served on or before October 20, 2016. Written oppositions to motions in limine, if any, must be filed and served on or before November 1, 2016. No replies shall be filed. The Court sets a hearing on jury instructions for November 18, 2016 at 1:30 p.m. Signed by Judge Gonzalo P. Curiel on | |

This Motion was made on a Saturday. It is a criminal falsification of legitimate docket date under 18 USC § 2071(b) which had to be no later than November 10, 2016. The Court Clerk had to reject this document as untimely. Rule 68 Fed. R. Civ. P., has been criminally concealed as stated by the Intervenor having a right to do so under Rule 24(a)(1) Fed. R. Civ. P. The vilation of 18 USC § 2071(b) is a criminal statute and is covered at length under Canon 3 of this Court, and under United States Sentencing Guidelines.

| 567 | Filed & Entered: 11/12/2016 | Motion to Continue |
|---|---|---|
| | Terminated: 11/18/2016 | |
| | Docket Text: Ex Parte MOTION to Continue *Trial Date* by Donald J Trump, Trump University, LLC. (Attachments: # (1) Declaration of Daniel M. Petrocelli in Support, # (2) Exhibits 1 through 5, # (3) Certificate of Service)(Petrocelli, Daniel) (dlg). | |

EXHIBIT I. IN SUPPORT OF INTERVENTION THAT MATURED ON FIRST DAY TO INTERVENE AFTER NOVEMBER 10, 2016 UNDER RULE 24(A) FED. R. CIV. P. , IN WHICH SETTLEMENT BECAME UNTIMELY
- Fatal Error computing Time, [567] *Low v. Trump* Rule 6(a)(5) Fed. R. Civ. P. - Affirmed
- Statute granting Intervention, Rule 24(a)(1) Fed. R. Civ. P., 18 USC §1964(c) - Affirmed
- Rule 68 Fed. R. Civ. P., Court Lost Jurisdiction to settle November 10, 2016 - Affirmed

---

### Rule 6. COMPUTING AND EXTENDING TIME; TIME FOR MOTION PAPERS,[ Fatal Error of the Clerk of the November 12, 2016 Continuance]

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
(1) Period Stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:
(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.
(2) Period Stated in Hours. When the period is stated in hours:
(A) begin counting immediately on the occurrence of the event that triggers the period;
(B) count every hour, including hours during intermediate Saturdays, Sundays, and legal holidays; and
(C) if the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday.
(3) Inaccessibility of the Clerk's Office. Unless the court orders otherwise, if the clerk's office is inaccessible:

**(A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is *not a Saturday, Sunday, or legal holiday*; | *See Rule 6(a)(5) Fed. R. Civ. P. and policy on counting backward in analyzing crucial document* [502] *Low v. Trump in which the extension rule regresses backward does not extend forward but next day backward extended being November 10, 2016. November 13th is a Sunday, November 12th is a Saturday, November 11th is Veterans Day |***

(B) during the last hour for filing under Rule 6(a)(2), then the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday.
(4) "Last Day" Defined. Unless a different time is set by a statute, local rule, or court order, the last day ends:
(A) for electronic filing, at midnight in the court's time zone; and
(B) for filing by other means, when the clerk's office is scheduled to close.

---

### (5) "Next Day" Defined. The "next day" is determined by continuing to count forward when the period is measured after an event <u>and backward when measured before an event</u>.

(6) "Legal Holiday" Defined. "Legal holiday" means:
(A) the day set aside by statute for observing New Year's Day, Martin Luther King Jr.'s Birthday, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, or Christmas Day;
(B) any day declared a holiday by the President or Congress; and
(C) for periods that are measured after an event, any other day declared a holiday by the state where the district court is located.
(b) Extending Time.
(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.
(2) Exceptions. A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).
(c) Motions, Notices of Hearing, and Affidavits.
(1) In General. A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions:
(A) when the motion may be heard ex parte;
(B) when these rules set a different time; or
(C) when a court order—which a party may, for good cause, apply for ex parte—sets a different time.
(2) Supporting Affidavit. Any affidavit supporting a motion must be served with the motion. Except as Rule 59(c) provides otherwise, any opposing affidavit must be served at least 7 days before the hearing, unless the court permits service at another time.
(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

---

### Rule 24. INTERVENTION, |*based on 18 USC § 1964(c) being a criminal statute, Rule 68 Fed. R. Civ. P., and Rule 6(a)(5) Fed. R. Civ. P.* |

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
***(1) is given an unconditional right to intervene by a federal statute; or***

EXHIBIT I. IN SUPPORT OF INTERVENTION THAT MATURED ON FIRST DAY TO INTERVENE AFTER NOVEMBER 10, 2016 UNDER RULE 24(A) FED. R. CIV. P., IN WHICH SETTLEMENT BECAME UNTIMELY
- **Fatal Error computing Time, [567] *Low v. Trump* Rule 6(a)(5) Fed. R. Civ. P. - Affirmed**
- **Statute granting Intervention, Rule 24(a)(1) Fed. R. Civ. P., 18 USC §1964(c) - Affirmed**
- **Rule 68 Fed. R. Civ. P., Court Lost Jurisdiction to settle November 10, 2016 - Affirmed**

---

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
(b) Permissive Intervention.
(1) In General. On timely motion, the court may permit anyone to intervene who:
(A) is given a conditional right to intervene by a federal statute; or
(B) has a claim or defense that shares with the main action a common question of law or fact.
(2) By a Government Officer or Agency. On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
(A) a statute or executive order administered by the officer or agency; or
(B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
(3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.
(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

---

### Rule 68. OFFER OF JUDGMENT - | *Based on November 28, 2016 Scheduled Jury Trial Hearing, docket [502] Low v. Trump* |

---

**(a) Making an Offer; Judgment on an Accepted Offer.** *At least 14 days before the date set for trial* (November 28, 2016), a party defending against a claim may serve on an opposing party an offer to allow judgment on [1] *with the costs then accrued*. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

---

(b) Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
(c) Offer After Liability is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time—but at least 14 days—before the date set for a hearing to determine the extent of liability.
(d) Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

---

[1] The Continuance of November 12, 2016, Document [567] is fraud upon the Court conceals Rule 68 Fed. R. Civ P., and is a 18 USC § 2071(b) Act committed after Defendant was elected President.

PART B - BASIC ECONOMIC OFFENSES

1. THEFT, EMBEZZLEMENT, RECEIPT OF STOLEN PROPERTY, PROPERTY DESTRUCTION, AND OFFENSES INVOLVING FRAUD OR DECEIT

*Introductory Commentary*

*These sections address basic forms of property offenses: theft, embezzlement, fraud, forgery, counterfeiting (other than offenses involving altered or counterfeit bearer obligations of the United States), insider trading, transactions in stolen goods, and simple property damage or destruction. (Arson is dealt with separately in Chapter Two, Part K (Offenses Involving Public Safety)). These guidelines apply to offenses prosecuted under a wide variety of federal statutes, as well as offenses that arise under the Assimilative Crimes Act.*

Historical Note: Effective November 1, 1987. Amended effective November 1, 1989 (see Appendix C, amendment 303); November 1, 2001 (see Appendix C, amendment 617).

§2B1.1. **Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States**

(a) Base Offense Level:

(1) **7**, if (A) the defendant was convicted of an offense referenced to this guideline; and (B) that offense of conviction has a statutory maximum term of imprisonment of 20 years or more; or

(2) **6**, otherwise.

(b) Specific Offense Characteristics

(1) If the loss exceeded $6,500, increase the offense level as follows:

| | Loss (Apply the Greatest) | Increase in Level |
|---|---|---|
| (A) | $6,500 or less | no increase |
| (B) | More than $6,500 | add **2** |
| (C) | More than $15,000 | add **4** |
| (D) | More than $40,000 | add **6** |
| (E) | More than $95,000 | add **8** |
| (F) | More than $150,000 | add **10** |
| (G) | More than $250,000 | add **12** |
| (H) | More than $550,000 | add **14** |
| (I) | More than $1,500,000 | add **16** |
| (J) | More than $3,500,000 | add **18** |
| (K) | More than $9,500,000 | add **20** |

| | | |
|---|---|---|
| November 1, 2015 | GUIDELINES MANUAL | §2B1.1 |

      (L)   More than $25,000,000       add **22**
      (M)  More than $65,000,000       add **24**
      (N)   More than $150,000,000     add **26**
      (O)   More than $250,000,000     add **28**
      (P)   More than $550,000,000     add **30**.

(2) (Apply the greatest) If the offense—

    (A) (i) involved 10 or more victims; (ii) was committed through mass-marketing; or (iii) resulted in substantial financial hardship to one or more victims, increase by **2** levels;

    (B) resulted in substantial financial hardship to five or more victims, increase by **4** levels; or

    (C) resulted in substantial financial hardship to 25 or more victims, increase by **6** levels.

(3) If the offense involved a theft from the person of another, increase by **2** levels.

(4) If the offense involved receiving stolen property, and the defendant was a person in the business of receiving and selling stolen property, increase by **2** levels.

(5) If the offense involved theft of, damage to, destruction of, or trafficking in, property from a national cemetery or veterans' memorial, increase by **2** levels.

(6) If (A) the defendant was convicted of an offense under 18 U.S.C. § 1037; and (B) the offense involved obtaining electronic mail addresses through improper means, increase by **2** levels.

(7) If (A) the defendant was convicted of a Federal health care offense involving a Government health care program; and (B) the loss under subsection (b)(1) to the Government health care program was (i) more than $1,000,000, increase by **2** levels; (ii) more than $7,000,000, increase by **3** levels; or (iii) more than $20,000,000, increase by **4** levels.

(8) (Apply the greater) If—

    (A) the offense involved conduct described in 18 U.S.C. § 670, increase by **2** levels; or

    (B) the offense involved conduct described in 18 U.S.C. § 670, and the defendant was employed by, or was an agent of, an organization in the supply chain for the pre-retail medical product, increase by **4** levels.

(9) If the offense involved (A) a misrepresentation that the defendant was acting on behalf of a charitable, educational, religious, or political organization, or

| COUNSEL FOR PLAINTIFF |

| | |
|---|---|
| Aaron M. Olden<br>Zeldes Haeggquist & Eck, LLP<br>225 Broadway<br>Suite 2050<br>San Diego CA 82101<br>(619) 342-8000<br>Fax. (619) 342-7878<br>Email: aarono@zhlaw.com | Alreen Haeggquist<br>Zeldes Haeggquist & Eck, LLP<br>225 Broadway<br>Suite 2050<br>San Diego CA 82101<br>(619) 342-8000<br>Fax. (619) 342-7878<br>Email: algreenh@zhlaw.com |
| Amber Lee Eck<br>Zeldes Haeggquist & Eck, LLP<br>225 Broadway<br>Suite 2050<br>San Diego CA 82101<br>(619) 342-8000<br>Fax. (619) 342-7878<br>Email: dpfefferbaum@zhlaw.com | Helen Frene Zeldes<br>Zeldes Haeggquist & Eck, LLP<br>225 Broadway<br>Suite 2050<br>San Diego CA 82101<br>(619) 342-8000<br>Fax. (619) 342-7878<br>Email: helenz@zlaw.com |
| Jason a. Forge<br>Robbins Geller Rudman & Dowd, LLP<br>655 West Broadway<br>Sute 1900<br>San Diego, CA 92101<br>619-231-7423<br>Fax: (619) 231-7423<br>Email: jforge@rgrdlaw.com | Maureen E. Mueller<br>Robbins Geller Rudman & Dowd, LLP<br>655 West Broadway<br>Sute 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>Fax: (619) 231-7423<br>Email: Jforge@rgrdlaw.com |
| Jeffery J. Stein<br>Robbins Geller Rudman & Dowd, LLP<br>655 West Broadway<br>Sute 1900<br>San Diego, CA 92101<br>619-231-7423<br>Email: JStein@rgrdlaw.com | Patrick J. Coughlin<br>Robbins Geller Rudman & Dowd, LLP<br>655 West Broadway<br>Sute 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>Fax: 619-231-7423<br>Email: patc@rgrdlaw.com |
| Rachel L. Jensen<br>Robbins Geller Rudman & Dowd, LLP<br>655 West Broadway<br>Sute 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>Fax: 619-231-7423<br>Email: patc@rgrdlaw.com | Xavier Jay Alvarez<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101<br>(619) 231-1058<br>Fax: 619-231-7423<br>Email: bcochran@rgrdlaw.com |

## COUNSEL FOR DEFENDANT - TRUMP UNIVERSITY

| | |
|---|---|
| Benjamin James Morris<br>Foley & Lardner, LLP<br>3579 Valley Center Drive, Suite 300<br>San Diego, CA 92130<br>858-847-6750<br>Fax: 858-792-6773<br>Emai: bmorris@foley.com | Betty M. Shaumener<br>Shumener, Odson & Oh, LLP<br>550 South Hope Street<br>Suite 1050<br>Los Angeles, CA 90071<br>(213) 344-4190<br>Email: bshumener@soollp.com |
| Daniel M. Petrocelli<br>O'Melveny & Myers, LLP<br>1999 Avenue of the Starts<br>Suite 700<br>Los Angeles, CA 900067<br>(310) 246-6779<br>Email: dpetrocelli@ omm.com | David Lee Kirman<br>O'Melveny & Myers, LLP<br>1999 Avenue of the Starts<br>Suite 700<br>Los Angeles, CA 900067<br>(310) 246-6779<br>Email: dkirman@ omm.com |
| Jeffrey L. Goldman<br>Belkin, Burden, Weig & Goldman, LLP<br>270 Madison Ave.<br>New York, NY 10016<br>212-86\-4466<br>jgoldman@bbwg.com | Jill Ann Martin,<br>Trump National Golf Club, Los Angeles<br>One Trump National Drive<br>Rancho Palos Verdes, CA 90275<br>(310) 303-3225<br>Fax: (323) 282-3629<br>Emai: mmaron@trumpog.com |
| Nancy L. Stagg<br>Foley & Lardner, LLP<br>3579 Valley Center Drive, Suite 300<br>San Diego, CA 92130<br>858-847-6750<br>Fax: 858-792-6773<br>Emai: kellisager@dwt.com | |

MISCELLANEOUS COUNSEL FOR DEFENDANTS

| | |
|---|---|
| **MISCELLANEOUS**<br><br>**WP Company, LLC d/b/a The Washington Post**<br><br>Aonzo Wicers,IV<br>Davis Wright Tremaine, LLP<br>865 South Figueroa Street<br>Suite 2400<br>Los Angeles, CA  90017<br>213-633-6800<br>Fax: 213-633-6899<br>Email: alonzowickers@dwt.com<br><br>**CBS Broadcasting, Inc**<br>**CBS, Interactive, Inc**<br>**Tribune Publishing Company**<br>**NBC Universal Media, LLLC**<br>**ABC, Inc**<br>**The New York Times Company**<br>**Fox News Network, LLC**<br><br>Kelli L. Sager<br>Davis Wright Tremaine, LLP<br>865 South Figueroa Street<br>Suite 2400<br>Los Angeles, CA  90017<br>213-633-6800<br>Fax: 213-633-6899<br>Email: kellisager@dwt.com | |